EXHIBIT



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

```
* * * * * * * * * * * *  *
                          *
UNITED STATES OF AMERICA  *
                          *
        v.                *   CR.98-131-01-M
                          *   November 12, 1999
CHAD E. AUSTIN            *   9:40 a.m.
                          *
* * * * * * * * * * * *  *
```

### TRANSCRIPT OF DISPOSITION
### BEFORE THE HONORABLE STEVEN J. McAULIFFE

Appearances:

For the Government:    Donald Feith, Esq.
                       U.S. Attorney's Office
                       55 Pleasant Street
                       Concord, NH  03301

For Probation:         Denis Linehan
                       U.S. Probation Office

For the Defendant:     Chad Austin, Pro se

Standby counsel:       Bjorn Lange, Esq.
                       Federal Defender's Office
                       22 Bridge Street
                       Concord, NH  03301

Court Reporter:        Diane M. Churas, CSR, RPR
                       Official Court Reporter
                       United States District Court
                       55 Pleasant Street, Rm. 110
                       Concord, NH  03301
                       (603)226-8829

COPY

BEFORE THE COURT

1

2      THE CLERK:  We have for consideration this

3  morning a sentencing in the matter of United States

4  versus Chad Austin, Criminal Case No. 98-131-01-M.

5      THE COURT:  All right.  Mr. Austin, are you

6  representing yourself this morning or Mr. Lange?

7      MR. LANGE:  Your Honor, I'm going to start

8  as standby counsel.  I think I have a better handle on

9  some of the issues.  The defendant wants to raise

10  other issues that I don't want to raise.

11      THE COURT:  All right.  Mr. Austin, have you

12  had an opportunity to review the presentence

13  investigation report with Mr. Lange?

14      MR. AUSTIN:  Yes, I have.

15      THE COURT:  The report will be placed in the

16  record under seal.  If an appeal is taken from the

17  sentence imposed, both parties will have access to the

18  report for the purposes of appeal.

19      All right, Mr. Lange, what issues would you

20  like to raise?

21      MR. LANGE:  I had sent a letter to the

22  probation officer earlier this week after my client

23  and I reviewed the presentence investigation first

24  draft last Friday.  I stand by the objections laid out

25  in that letter, except for the $2,000 enhancement for

1   the theft of the -- interstate transportation of the

2   Jetta.   I received on Wednesday facsimile

3   documentation of the value of that loss, so I withdraw

4   that objection.

5          I stand on my other objections, and they are

6   as follows:  I object to the two-level enhancement

7   laid out in paragraph 22 of the PSI for the Hardy

8   children being vulnerable victims for the reasons laid

9   out in my letter of November 6th, appended to the

10  amended probation investigation report.   And those

11  reasons, simply stated, are that when my client

12  crashed through the glass of that slider at 9 Pope

13  Street in Salem, he had no idea who, if anybody, was

14  inside that house.   He was going through that window

15  to escape the numerous law enforcement officers that

16  were in pursuit.   There had been gunfire prior to him

17  going into the Hardy home.

18         The children left the home well prior to Mr.

19  Hardy getting into an altercation with Mr. Austin,

20  whereafter Mr. Austin was quickly apprehended and

21  taken into custody.

22         My recollection, although I'm not sure this

23  is in the trial record up here, is that at some point

24  those two twins were asleep during the time the

25  defendant was present in their parents' home.

```
 1              For those reasons I would argue that there

 2   not be a two-level enhancement based on the Hardy

 3   children.

 4              THE COURT:  You don't contest they're

 5   vulnerable victims.  Your argument is he didn't know

 6   it.

 7              MR. LANGE:  That's right, your Honor.

 8   That's right.  I mean I understand by age, four years

 9   old would be vulnerable.  My position is that their

10   status, their age, had nothing to do with Mr. Austin's

11   conduct.  It's not a case where he sought out those

12   children by virtue of anything.  He had no idea who

13   was in the house when he broke through the glass.

14              The next objection --

15              THE COURT:  Why don't we take them one at a

16   time if you don't mind.  Mr. Feith?

17              MR. FEITH:  Your Honor, briefly, the

18   application of the adjustment doesn't require that

19   sort of knowledge.  The example used in the commentary

20   is a robber who takes a handicapped victim.

21   Presumably a robber who goes into a bank and finds a

22   handicapped victim in the bank didn't know that person

23   necessarily was in the bank, and I don't believe the

24   government would have to prove he did, as long as he

25   takes them as a hostage or uses them in a way that the
```

1    vulnerable victim enhancement applies.

2            The cases that I cited in my memo also

3    talked about targeting.  And after Application Note 3

4    was withdrawn in 1995 -- there was an argument prior

5    to that date that targeting was indeed required, but I

6    think the Gill case says, at least since the

7    withdrawal of that note by the Sentencing Commission,

8    targeting is not required.

9            THE COURT:  All right.  Thank you, Mr.

10   Feith.  That objection is overruled.  Mr. Lange, I

11   find that the continued holding by Mr. Austin of the

12   young children as hostages during the course of the

13   kidnapping -- basically at some point he certainly was

14   aware that he was holding vulnerable children in a

15   very, very dangerous position.  So that objection is

16   overruled.

17           MR. AUSTIN:  Hold on just a minute.  Your

18   Honor, I'd like to do this.  I'd like Mr. Lange not to

19   do this.

20           THE COURT:  Well, that's certainly your

21   right.  Once again, let me remind you, you're not

22   qualified.  You really don't know what you're doing.

23   You can't possibly help yourself.  You're probably

24   going to hurt yourself.  But it's your right to go

25   ahead and hurt yourself if that's what you want to do.

1          MR. AUSTIN:  Last time you told me that I

2  was driving into a brick wall at a hundred miles an

3  hour by myself.  Well, if I'm going to do that, I'd

4  rather be sitting in the driver's seat than in the

5  passenger seat.

6          THE COURT:  The Constitution gives you that

7  right, Mr. Austin, so you go ahead.

8          MR. AUSTIN:  Let's start with 17th.

9          THE COURT:  Well, this isn't like a free

10  opportunity to just filibuster.  You have to raise

11  objections related to the presentence investigation

12  report based upon the guidelines.  So let's not start

13  with a review of the presentence investigation

14  report.  Tell me what your objection is, and then

15  we'll discuss what the legal merits of it are.

16          MR. AUSTIN:  Okay.  My objection is that

17  it's a double count.  17 and 18 is a double count.

18  Because in the guideline for bank robbery -- in this

19  presentence investigation, if you go to page three, it

20  gives the definition of a financial institution.

21  Financial Deposit Institution Corporation, which is

22  counted in in the basic offense level for bank

23  robbery, which is an offense level of 20; right?  So

24  No. 18 with the two-point enhancement is already added

25  in on No. 17.  So it's a double count.

1    THE COURT:  I guess I'm not following you.

2    MR. AUSTIN:  Okay.  Paragraph 17 of the PSI.

3    THE COURT:  Right.

4    MR. AUSTIN:  Okay.  Gives me a base offense

5  level of 20 for bank robbery.

6    THE COURT:  Yes.

7    MR. AUSTIN:  Okay.  18 goes on to -- it's a

8  two-point enhancement because they say it's not a

9  financial institution.  But if you go to page three,

10  in the definition of bank robbery in this PSI, it says

11  the deposit of this financial institution being

12  insured by the Federal Deposit Incorporation, FDIC.

13    THE COURT:  Yes.  But actually the guideline

14  is 2B3.1.  2B3.1 is for robbery of any kind, robbery

15  of your neighbor, robbery of anybody.

16    MR. AUSTIN:  So why does it say bank

17  robbery?

18    THE COURT:  Because you start with 20 for

19  robbery, any kind of robbery.  Any kind of robbery is

20  20.  Then you go down to (b).  And (b)(1) is if you've

21  robbed a financial institution or post office, then

22  you get two more.

23    You robbed someone, so you get 20, and you

24  robbed a financial institution, so you get two more.

25  So that's 22.

1          MR. AUSTIN:  Right.

2          THE COURT:  So that's correct.

3          MR. AUSTIN:  There's no argument for that

4    whatsoever.

5          THE COURT:  Not that I can see.

6          MR. AUSTIN:  Okay.

7          THE COURT:  I mean you did rob a bank.  That

8    is a financial institution and it is robbery.  That's

9    22.

10          MR. AUSTIN:  So the Sentencing Commission

11   Guideline doesn't count in the bank?

12          THE COURT:  No, because -- you're starting

13   ahead of yourself.  The first step is did you rob

14   someone, anybody?  Answer, yes.  What do you get for

15   robbing someone?  You get 20.  What if it was a bank

16   as opposed to your neighbor?  Well, you get two more.

17   So 17 and 18 are correct.

18          MR. AUSTIN:  On that 17 and 18, say it

19   wasn't a bank you robbed.  Say it was something

20   different.

21          THE COURT:  Well, it wasn't.  It was a bank.

22          MR. AUSTIN:  I understand that.  And I'm

23   charged with bank robbery.  Count 1 is bank robbery;

24   right?

25          THE COURT:  That's correct.

1          MR. AUSTIN:  So it gives me an offense level

2     of 20.  That's what I'm seeing.

3          THE COURT:  No.  Robbery gives you 20.  Bank

4     robbery gives you 22.  20 for robbery, two for bank,

5     22.

6          MR. AUSTIN:  Okay.

7          THE COURT:  All right.  Any other

8     objections?

9          MR. AUSTIN:  Yeah.  I'd go to 20 and 22 on

10    the same page.  20 says that I physically restrained

11    people in the Hardy home, which is in Massachusetts.

12    22 is the same count.  It's using the same conduct as

13    20.

14         THE COURT:  No.  Once again, 20 says you

15    restrained somebody.  22 says you restrained people

16    who were particularly vulnerable.  That's what Mr.

17    Lange just raised.

18         MR. AUSTIN:  Right.

19         THE COURT:  So you get plus two if you

20    restrain anybody.  You get another two if they're

21    particularly vulnerable.

22         MR. AUSTIN:  It's the same thing.

23         THE COURT:  No, it isn't, because you can

24    restrain people who aren't particularly vulnerable.

25         MR. AUSTIN:  So the way you read that and

1  the way the law states that, it doesn't say -- it says

2  that if there's three people in that home --

3           THE COURT:  No.  What it says is, if you

4  restrain someone physically, add two.  If the people

5  you restrained physically happened to be particularly

6  vulnerable, add another two.  You restrained people,

7  the Hardys.  The Hardy boys were particularly

8  vulnerable.  So you get two for restraining people and

9  another two for restraining people who were

10 particularly vulnerable, the boys.

11          MR. AUSTIN:  Okay.

12          THE COURT:  That objection is overruled as

13 well.

14          MR. AUSTIN:  All right.  23 and 25 are

15 double counted.  Official victims.  Official victim is

16 somebody that's -- an officer is not an official

17 victim when he's acting under his lawful duties.  He's

18 not an official victim.  Official victim would be if I

19 sought out the prosecutor knowing he was a

20 prosecutor.  That's an official victim.  A police

21 officer is not an official victim in the line of

22 duty.  He's just doing the duties that are required of

23 him.

24          Not to mention that I took the trial to

25 Massachusetts, and I've already been charged for them

1    crimes in Massachusetts.

2         THE COURT:  I guess I'm not sure what your

3    argument is on 3A1.2.  3A1.2(b), which is the

4    reference the probation officer has given, provides

5    that you get a three-level increase if, during the

6    course of the offense or immediate flight therefrom,

7    the defendant, knowing or having reasonable cause to

8    believe that a person was a law enforcement or

9    corrections officer, assaulted such officer in a

10   manner creating a substantial risk of serious bodily

11   injury.

12        There's no doubt that you did that; right?

13   Shooting at a police officer who was chasing you --

14        MR. AUSTIN:  Where did you just read that

15   from, if you don't mind me asking?

16        THE COURT:  Not at all.  3A1.2(b).  Do you

17   have a copy of the guidelines there, Mr. Lange, by

18   any chance?  You're looking at the presentence

19   investigation report, Mr. Austin.  That makes

20   reference to the guideline section --

21        MR. AUSTIN:  Yeah, I know.

22        THE COURT:  -- that's applicable.

23        MR. AUSTIN:  I know, sir.

24        THE COURT:  So you have to then look at the

25   guideline section in the book.

1        MR. AUSTIN:  Official victims in the way

2   that this is written right here though states that --

3   the meaning of that, the officers are not official

4   victims.

5        THE COURT:  Well, what you really have to do

6   -- that's the title of the guideline section.  So you

7   really have to go to the book.  And if you'll see the

8   title of the Section 3A1.2, that title is "Official

9   Victim," and then there's two parts to it, (a) and

10  (b).  And the probation officer has referenced

11  Part (b).

12       So "official victim" means what Part (b)

13  says it means.  And in Part (b) it says, if you, with

14  cause to believe or knowing that a police officer is

15  involved, assault such officer, then you get three

16  more.

17       You knew or had reason to believe a police

18  officer was involved and you were shooting at him, so

19  you get three more.

20       MR. AUSTIN:  Yeah, but I went to trial on

21  that stuff in Massachusetts.  The way that this reads

22  in this, you're basically giving me more time -- every

23  offense level, you bump this up, the three points.  I

24  went to trial on that stuff in Massachusetts.  So

25  isn't that like a double jeopardy?

1    THE COURT:  I'm not sure you went to trial

2  on shooting at the New Hampshire police officer; did

3  you?

4    MR. AUSTIN:  Yes, I did, sir.

5    THE COURT:  Did he, Mr. Feith?

6    MR. FEITH:  Your Honor, it's my

7  understanding, both from Massachusetts and from the

8  probation report, that the offenses to which he was

9  found guilty in Massachusetts concerned the

10  Massachusetts police officers.  They did not include

11  Deputy Chief David Currier.  He was charged in an

12  indictment with Mr. Currier down there, but the

13  convictions came from the Massachusetts police

14  officer, and that's why the government requested that

15  on this particular paragraph the Court find it be

16  based on the shooting on Seabrook Deputy Chief David

17  Currier.

18    MR. AUSTIN:  Sir, at trial in Massachusetts

19  I was charged with all counts -- all seven counts of

20  armed assault with the attempted murder on the police

21  officers.  I was found not guilty of all seven of them

22  counts.

23    THE COURT:  Well, again, you really don't

24  know what you're doing, and I can't give you a course

25  in the Sentencing Guideline during this one hour or

1   so.

2              MR. AUSTIN:  I know this.

3              THE COURT:  But here's the problem.  It's a

4   different standard of proof, a different burden of

5   proof.  Meaning you weren't found innocent, in other

6   words.  You were not convicted.  In other words, the

7   government did not prove those charges beyond a

8   reasonable doubt in Massachusetts, the ones for which

9   you were acquitted.  That is not the same thing as

10  saying you didn't do it.  All that says is that the

11  government didn't prove it beyond a reasonable doubt.

12             MR. AUSTIN:  That's right.

13             THE COURT:  So there's no binding effect, if

14  you will, on an acquittal.  You don't get to come in

15  here and say I was acquitted in Massachusetts,

16  therefore, I didn't do it.

17             MR. AUSTIN:  No, I understand.

18             THE COURT:  The burden of proof here is by a

19  preponderance, so -- in other words, is it more likely

20  than not that you engaged in this conduct?  So what

21  Mr. Feith is suggesting is, is it more likely than not

22  that you engaged in shooting at a New Hampshire police

23  officer in connection with your flight from the bank

24  robbery?  The answer to that question is yes.  If it's

25  more likely than not that you did that, then you get

1    the enhancement.  And it really doesn't matter that

2    you were acquitted in Massachusetts.

3              MR. AUSTIN:  So 23 and 25 on page six are

4    not in the same conduct?  Because that's my argument.

5              THE COURT:  Well, all right.  23 is an

6    appropriate adjustment based upon the fact that you

7    were shooting at Officer Currier, knowing he was a

8    police officer -- certainly having reason to know he

9    was a police officer since he was chasing you, and you

10   turned around and shot at him.

11             MR. AUSTIN:  But the official victim point

12   of that would be that -- my argument to that would be

13   that he's not an official victim.  He's only acting

14   under his duties as a law enforcement officer.

15             THE COURT:  That's totally a meritless

16   argument because official victim, as the term applies

17   to you, is found in 3A1.2(e), and that doesn't require

18   any sort of official conduct.  It just requires that

19   he be a police officer, that you know he was a police

20   officer, and that during the course of your immediate

21   flight from the offense, the bank robbery, you shot at

22   him or assaulted him.  That's all it requires.  And

23   you did all that, so you get the enhancement.

24             Now, what's your next argument related to

25   25?

1    MR. AUSTIN:  25 is the same conduct that

2  goes to 23.  It goes back to the police officer's

3  unit.  It's the same course of conduct.

4    THE COURT:  Yes, that's probably true, but

5  there are different qualities involved in your conduct

6  that are being punished.  There are different actions

7  and the different qualitative nature of the actions

8  that are being punished.  That's why you get these

9  enhancements.  So what you really have to do is turn

10  to 3C1.1 or 1.2.

11    MR. FEITH:  Your Honor, just for purposes of

12  clarity, the government bases that particular

13  enhancement on the testimony from Deputy Chief Currier

14  that the chase exceeded speeds of 80 to a hundred

15  miles an hour between Seabrook, New Hampshire, and the

16  end point of Deputy Currier's chase in Massachusetts.

17  Those speeds and that recklessness and driving that

18  fast, not only on Interstate 95 but on some state

19  roads, 107 in Seabrook I believe was the testimony, as

20  well as I think it was Route 10 in Massachusetts --

21  110 in Massachusetts.  That's what the government asks

22  that that enhancement be based on.

23    THE COURT:  Do you understand that?

24    MR. AUSTIN:  I wasn't charged with any kind

25  of driving offense whatsoever.  In that conduct on

1   that day, there was no driving offense.

2           THE COURT:  That doesn't mean you didn't

3   violate the driving rules of the road, that doesn't

4   mean you didn't act recklessly, and it doesn't mean

5   you didn't endanger somebody.

6           MR. AUSTIN:  Yeah, but did I get charged

7   with it?

8           THE COURT:  Well, at some point they

9   probably decided that there were diminishing returns

10  in charging you with every conceivable offense you

11  committed.  They don't have to charge you with every

12  conceivable offense that you committed in order for

13  the Sentencing Guidelines to take into account your

14  conduct.

15          So the real question is, were you fleeing an

16  officer?  In the course of fleeing an officer, did you

17  recklessly create a substantial risk of death or

18  serious bodily injury?

19          MR. AUSTIN:  And that's what I got the

20  three-point enhancement on 23 for.

21          THE COURT:  No, you got that for shooting at

22  a police officer.  You're getting the 25 paragraph

23  enhancement for the reckless conduct that seriously

24  endangered people when you were driving like a maniac

25  down the road to Massachusetts.

1           MR. AUSTIN:  So you're saying that you don't

2  need no proof of anything.  I could have been doing 20

3  miles under the speed limit and it wouldn't matter

4  because --

5           THE COURT:  No, you need proof, but the

6  proof was provided by the testimony at the trial by

7  the officers, which I credit.  So I find by a

8  preponderance of the evidence more likely than not

9  that you in fact were driving in a reckless and

10  endangering way, putting at substantial risk of death

11  or serious bodily injury many other people, all those

12  who happened to be unfortunate enough to be in your

13  path.

14           MR. AUSTIN:  Then how come it says law

15  enforcement officers on 25?

16           THE COURT:  Because that's assaulting them.

17           MR. AUSTIN:  Because that's what's referring

18  to them.

19           THE COURT:  No.  You were fleeing from

20  them.  That's what you were doing.  Is there some

21  doubt that you were fleeing from the officers that

22  were chasing you?

23           MR. AUSTIN:  There's no doubt.

24           THE COURT:  So in the act of fleeing from

25  the officers -- that's just the act of fleeing from

1   them -- you engaged in reckless conduct which

2   substantially endangered the lives or health and

3   safety of others by your driving.  So you get two for

4   that.

5           MR. AUSTIN:  So 23 and 25 are not the same.

6           THE COURT:  No, they're not.

7           MR. AUSTIN:  They're different?

8           THE COURT:  They're quite different.

9           MR. AUSTIN:  And the no official victims,

10  you're saying to me that the police officers are

11  definitely official victims, no matter what.

12          THE COURT:  No, not no matter what.  They're

13  official victims within the meaning of the guidelines

14  if the conduct qualifies under Section 3A1.1(b) -- or

15  3A, I'm sorry, 1.2(b).  3A1.2(b).  And they do.

16          MR. AUSTIN:  So there's no double counting

17  on them?

18          THE COURT:  No.

19          MR. AUSTIN:  All right.  I'll take a seat.

20          THE COURT:  Mr. Lange, are there any other

21  objections you'd like to raise?

22          MR. LANGE:  I don't know if this is an

23  objection, but I submitted a sentencing memorandum on

24  the concurrent consecutive question.  I cited case

25  law.

1          THE COURT:  I wasn't really sure where that

2    was going actually.

3          MR. LANGE:  The government is asking that

4    the sentences on counts other than Count 2, which I

5    concede has to be consecutive to all pending

6    sentences, that the defendant doesn't --

7          THE COURT:  Well, that's what fooled me.  I

8    was being beguiled there a little bit.  You don't

9    win.  All you can do is take it out of mandatory and

10   put it into discretionary; right?

11         MR. LANGE:  No, your Honor.  I think that

12   under 5G1.3(c) -- I'm sorry, (b), is a guideline that

13   the Court is obliged to follow.  5G1.3(c) is a policy

14   statement which provides guidance which the Court must

15   consider, which gives the Court considerable

16   discretion and which does not channel or cabin that

17   discretion.

18         My argument is that Guideline Section

19   5G1.3(b) does apply to all of the counts other than

20   Count 2, which is to say Count 1, 3, 4 and 5, and

21   whatever sentence you impose today on those counts has

22   to be concurrent.

23         THE COURT:  No.  No.  I think maybe you

24   misspoke.  You're saying 5G1.3(a) does not apply;

25   right?

```
 1            MR. LANGE:  I am.  That's correct, your
 2   Honor.
 3            THE COURT:  Does not apply?
 4            MR. LANGE:  Right; because the defendant was
 5   on, as I understand it, parole or probation, but that
 6   does not constitute serving a term of imprisonment
 7   under the case law or the specific language of
 8   Guideline Section 5G1.3(a).
 9            THE COURT:  All right.  So then you say (b)
10   applies, and then the next step has to be that the
11   undischarged term of imprisonment -- which would be
12   Massachusetts; right?
13            MR. LANGE:  Right.
14            THE COURT:  -- have been fully taken into
15   account in determining the offense level for the
16   instant offense.
17            MR. LANGE:  That's right.
18            THE COURT:  But they haven't been taken into
19   account at all in determining the instant offense;
20   have they?
21            MR. LANGE:  They have, your Honor.  They've
22   been taken into account as relevant conduct, a single
23   course of conduct.  The cases that I cite in my memo,
24   the First Circuit cases and the -- I'm sorry, the
25   First Circuit case, and more importantly the Eleventh
```

1    Circuit case, Blanc, all indicate that that phrase

2    "fully taken into account" incorporates relevant

3    conduct as defined under 1B1.3.

4           The defendant engaged in a single course of

5    conduct in a time frame here on February 11th.  He

6    stole a car here in Concord, apparently stole a gun in

7    Dover -- or at least used a car that was stolen in

8    Concord and used a gun that was stolen in Dover.  He

9    robbed a bank in Portsmouth, used the same vehicle to

10   flee from Portsmouth through Hampton, where he had his

11   encounter with -- I don't remember his name -- when he

12   called him at trial, an off-duty trooper, Peter

13   Hilchey.

14          He then fled through Seabrook, where he was

15   pursued by Officer Currier down into Massachusetts,

16   where he was further pursued by officers from

17   Portsmouth, New Ipswich, Beverly, Salem, ultimately

18   crashes the car on Prospect Street in Salem, breaks

19   into the slider at 9 Pope Street, goes into the Hardy

20   home where he's ultimately apprehended.  So it's a

21   single course of conduct.

22          THE COURT:  It may well be.  But it's not

23   fully taken into account.  Are there any cases that

24   talk about that means?

25          MR. LANGE:  Yes.

```
 1          THE COURT:  "Fully taken into account"?

 2          MR. LANGE:  Yes, there are, your Honor, and

 3   I cite them at pages three and four of my motion.

 4          THE COURT:  But those don't -- "fully take

 5   into account" means this guideline sentence was

 6   calculated based upon the counts of conviction, the

 7   prior counts of conviction.  Isn't that what it

 8   means?  Why is the government wrong?  The government

 9   suggested, yes, there are a couple of enhancements

10   here that probably were a factor in the Massachusetts

11   sentence, but that's about it.

12          MR. LANGE:  Your Honor, the government's

13   wrong on two grounds.  The government's wrong simply

14   in its categorization of what the superior court judge

15   did in Salem.  She did, and it's clear from the

16   transcript, consider the defendant's conduct.  And you

17   can see it at page five of the portion of the November

18   4th, 1998, transcript that's appended to the

19   government's sentencing memoranda.

20          And you can see there that Judge Merrick

21   considered the defendant's conduct just as any judge

22   would and just as you're obliged to as a federal judge

23   under the guidelines, the conduct as a whole, looking

24   to the complete course of conduct.  It's already

25   indicated that conduct began in New Hampshire,
```

1   included the offenses the defendant's been convicted

2   of here, and ended in Massachusetts, including the

3   offenses he's already been convicted of and sentenced

4   for down there.

5           THE COURT:  Well, she specifically just

6   said, as I read it -- she specifically just said, I'm

7   naturally taking into account the victims; that is,

8   the high-speed chase victims and the Hardy children.

9   But that would just --

10          MR. LANGE:  That's not what she does, your

11  Honor.  You can see in the first full paragraph on

12  paragraph five, she says that at one point during the

13  day of this incident, you sat down somewhere and, very

14  calmly and calculating, took a nine-millimeter weapon

15  with you.

16          So she begins, just as this Court would,

17  with the beginning of the criminal episode, which was

18  the theft of the gun or the use of the gun, the stolen

19  gun, which was up here in New Hampshire.  But she

20  considered the course of conduct.

21          THE COURT:  She's not ignoring what

22  happened, but she's not sentencing on that basis.

23          MR. LANGE:  I don't think she has to, your

24  Honor.  I think that under the Blanc case, relevant

25  conduct, conduct which is relevant conduct is conduct

1  that falls within the definition of, quote, fully

2  taken into account, unquote, in Guideline Section

3  5G1.3(b).

4        And as the Court -- as the Eleventh Circuit

5  said there, it doesn't matter whether the district

6  court or the prior court actually considered the

7  activity when it calculated the base level.  The

8  concept here is relevant conduct.

9        THE COURT:  But that's different.  It's

10  different when you're talking about two federal courts

11  and two different applications of the guidelines,

12  isn't it, than when you're talking about what a state

13  sentencing judge, which has much more latitude than I

14  have in terms of sentencing, there's no -- there's no

15  precise way to say what was taken into account.  But

16  she certainly didn't sentence him for the bank

17  robbery, and you're suggesting to me I can't sentence

18  him consecutively for the bank robbery because she

19  thought about what he'd done that day.  That's clearly

20  wrong.

21        MR. LANGE:  No, your Honor.  I think that

22  you can't -- you can certainly --

23        THE COURT:  Can I sentence him consecutively

24  for the bank robbery?

25        MR. LANGE:  No, your Honor.  No.

```
 1              THE COURT:  Okay.  Well, that's clearly
 2    wrong; isn't it?
 3              MR. LANGE:  No, your Honor, I disagree.
 4              THE COURT:  Well, we disagree then.
 5    Anything else you'd like to say?
 6              MR. LANGE:  No.
 7              THE COURT:  All right.  Mr. Feith?
 8              MR. FEITH:  Your Honor, the government has
 9    nothing more to add than what's in its sentencing
10    memo.  If the Court has any questions, the Court's
11    already noted that the cases cited by the defendant
12    involved federal crimes.
13              THE COURT:  Yeah, I do have one question.
14    Why is it just the four points?  I mean I suppose an
15    argument even under your theory could be made that --
16    your view is the vulnerable victim enhancement should
17    go out?
18              MR. FEITH:  And the physical restraint as
19    well.
20              THE COURT:  And what paragraph's that?
21              MR. FEITH:  Those are paragraphs --
22    vulnerable victim is 22, your Honor, and the physical
23    restraint is paragraph 20.  That's where I think that
24    clearly involves conduct that was contemplated by the
25    Massachusetts court.
```

1          THE COURT:  Why wouldn't the fleeing from

2     the officers have been contemplated?

3          MR. FEITH:  That is --

4          THE COURT:  And why wouldn't the assault on

5     the officers have been contemplated?  I mean assuming

6     that's the right theory.  I'm not even sure.  You

7     might even be giving up too much there, but assuming

8     that your view is right.

9          MR. FEITH:  I might be giving them too much,

10    your Honor, but --

11         THE COURT:  But under your theory, accepting

12    your theory, why wouldn't these qualify as well?

13         MR. FEITH:  The government's position on

14    that, your Honor, is because we're asking the Court to

15    base those solely on the New Hampshire officer, not on

16    any of the Massachusetts officers.  I'm asking the

17    Court to make a finding that those enhancements are

18    warranted based solely on the testimony of Deputy

19    Chief Currier.  And admittedly, the transcript I

20    provided the Court of the sentencing from

21    Massachusetts is less clear on that particular point

22    than it is on the not taking into account the robbery

23    point.

24         But the fact that he was convicted in

25    Massachusetts of the pursuit charges, if you will,

1    that relate solely to the Massachusetts officers, in a

2    sense I'm asking the Court to find that that conduct

3    is warranted solely on the New Hampshire officer and

4    is distinct from what was --

5                    THE COURT:  That's fine.  I'm happy to do

6    that.  I've done that.  That gives him the

7    enhancement.  That's done and over.

8                    MR. FEITH:  Yes.

9                    THE COURT:  Now the question is, did she

10   consider that and -- if I accept your theory, did she

11   consider that in imposing sentence in Massachusetts?

12   Mr. Lange suggests, well, yes, she did because she

13   certainly considered it a continuing course of conduct

14   pretty much.  She certainly didn't sentence him for

15   the bank robbery.  She makes that explicit.  That's

16   explicitly clear that she did not do that.

17                    MR. FEITH:  That's true, your Honor, and all

18   I have is the transcript that I provided the Court.

19   And to the extent that the judge's comments -- Judge

20   Merrick's comments are that she considered the

21   high-speed chase, she doesn't explicitly say the

22   high-speed chase relating to the Massachusetts

23   officers.

24                    And further down on page six, she qualifies

25   the police officers as a generic group as part of the

1   victims.   Certainly since Mr. Currier was the subject

2   of an indictment down there, it could be argued that

3   she contemplated that at her sentencing.

4           And I guess our only argument with that is,

5   in light of the acquittal on his charge as opposed to

6   the Massachusetts charges, we ask that you find that

7   the transcript does not clearly state that she has

8   contemplated Deputy Chief Currier's role.

9           (Pause.)

10          THE COURT:   Mr. Linehan, I'm having a lot of

11  trouble with this section.   If (a) does not apply --

12  5G1.3.

13          MR. LINEHAN:   Right, your Honor.

14          THE COURT:   And (a) does not apply.   The

15  undischarged term of imprisonment, which is the

16  Massachusetts sentence, resulted from offenses that

17  have been fully taken into account in determination of

18  the offense level for the instant offense.   It doesn't

19  seem to me that they've been fully taken into account

20  in determining the offense level for this offense.

21  But certainly conduct engaged in was taken into

22  account.   In other words, none of the offenses of

23  conviction in Massachusetts really form a basis for

24  the guideline determination here, do they, or do

25  they?

1   MR. LINEHAN:  Well, particularly as it
2   applies to what happened in the home down there, it
3   does, your Honor.
4           THE COURT:  The vulnerable victims.
5           MR. LINEHAN:  Vulnerable victims, the
6   restraint of the victims.  Since a portion of the
7   reckless conduct occurred in both states, and in both
8   states an official victim was involved, I didn't feel
9   that that was taken into consideration fully under the
10  guidelines.
11          THE COURT:  What were the convictions in
12  Massachusetts?
13          MR. FEITH:  Three counts of armed home
14  invasion, your Honor.  Those form the basis for the 30
15  to 40 sentence.  Three counts of kidnapping.
16          THE COURT:  Is there anything about the
17  police officers, the assault on the police officers?
18  Convictions I mean.
19          MR. LINEHAN:  Yes, your Honor.
20          MR. FEITH:  Yes, your Honor.  And they're
21  listed, just for the record purposes, at paragraph 63
22  and 64 of the presentence report on pages 14 and 15.
23  Those are the assault with a dangerous weapon and the
24  armed assault with intent to murder.  Three counts on
25  the paragraph 63, the armed assault with intent to

1  murder, and two counts of assault with a dangerous

2  weapon.   And just for the record again, I note that

3  the report says the victims were Massachusetts police

4  officers.

5             THE COURT:  All right.  So the reckless

6  endangerment as a result of the flight was not the

7  basis of an offense in Massachusetts of conviction.

8             MR. FEITH:  That's correct.

9             THE COURT:  And was not, as far as we know,

10  taken into account in arriving at the Massachusetts

11  sentence.

12             MR. FEITH:  That's correct.

13             THE COURT:  And your point would be -- and

14  the shooting assault with respect to the New Hampshire

15  police officers was also a separate offense separately

16  indictable that was not an offense of conviction in

17  Massachusetts and was not taken into account in

18  determining the Massachusetts sentence.  It's not an

19  offense taken into account.

20             MR. FEITH:  Certainly that would be the

21  government's position.

22             THE COURT:  All right.  Mr. Lange, your

23  objection's overruled in part and sustained in part.

24  I agree with the government that -- I'm not sure

25  that's probably required, but certainly giving you the

1    benefit of the doubt, Mr. Lange, I think the

2    enhancement for vulnerable victim as set forth in

3    paragraph 20 should not be taken into account under

4    5G1.3(b), and the paragraph 20 enhancement under

5    2B3.1(e)(4)(B) should not be taken into account under

6    5G1.3(b).  And to that extent, your objection's

7    sustained.

8              All right.  Any other objections, Mr.

9    Lange?

10             MR. LANGE:  Yes, one other, your Honor.  I'd

11   argue that the use of the loss on the Jetta should not

12   be double counted.  It was used both to enhance the

13   offense level under robbery, the robbery count, Count

14   1, and to enhance the loss level on Count 4,

15   interstate transportation of stolen property.

16             The bank robbery involved the taking of

17   money in the amount of $9,000 something -- $9,028.

18   The defendant should not be given the extra level due

19   to a loss greater than 10,000 because of the $2,000

20   loss on the vehicle.  I don't dispute the $2,000

21   figure.  I just dispute using the vehicle to enhance

22   the offense level on Count 1.  I don't dispute the use

23   of it to enhance the offense level in Count 4.

24             THE COURT:  Mr. Feith?

25             MR. FEITH:  Your Honor, the government's

 1   position is that the probation officer correctly
 2   calculated it and included it under paragraph 39.  As
 3   I understand, and I think which is the correct
 4   application, the value of the vehicle was considered
 5   as one of the enhancements under Count 5.  And then
 6   after all the counts were calculated and the grouping
 7   rules were applied, it was determined that Count 5
 8   should be grouped with Count 1.  And under the
 9   grouping rules, then the value of the car is brought
10   in.
11            Instead, because they're grouped offenses --
12   if they had not been grouped offenses, you'd go to
13   whether you assign units.  But the probation officer
14   correctly calculated that these are grouped offenses,
15   so it's like grouped offenses in any multi-count
16   indictment that involved losses in the individual
17   counts.  You calculate the individual count first, but
18   if they are grouped, then you do, you know,
19   essentially one calculation on the grouping laws,
20   which is what was done here.
21            MR. AUSTIN:  Your Honor --
22            THE COURT:  Well, don't confuse me yet, Mr.
23   Austin.
24            Mr. Lange, that strikes me as correct.  It
25   wasn't -- the car value wasn't added on to the robbery

1  loss calculation and then considered in Count 4

2  separately and then grouped; right?

3          MR. LANGE:  Yes, actually it was.

4          THE COURT:  It was?  Is that what happened?

5          MR. LANGE:  Maybe I'm wrong, but that's what

6  I thought the report indicated.

7          MR. LINEHAN:  If you did each singularly.

8  In that case the value of the car appears in Count 1

9  and whatever other count it was, 4 or 5.  However, as

10  far as calculating the guidelines, the value of that

11  car was only counted once and it was grouped in with

12  Count 1 with the total loss, your Honor.

13          THE COURT:  Okay.

14          MR. LINEHAN:  So in the total offense

15  level --

16          THE COURT:  I agree it would be incorrect to

17  group it with the robbery if the robbery were being

18  calculated separately; right?

19          MR. LINEHAN:  Right, your Honor.  And it was

20  done, you'll see where each count was -- the

21  calculations were done for each count, but then the

22  determination was made not to use any of the

23  calculations that were in Count 4 or 5, but to just

24  add that value of the vehicle into the robbery action.

25          THE COURT:  Just so I'm straight, if we were

```
 1   just doing the bank robbery and the theft of the car,
 2   we would not attribute to the bank robbery any loss
 3   occasioned by the theft of the car?  We would not do
 4   that?
 5            MR. LINEHAN:  If the car was unrelated to
 6   the robbery?
 7            THE COURT:  Well, yeah.  It's unrelated to
 8   the robbery.  It's not part of the robbery.
 9            MR. LINEHAN:  You're saying if the car was
10   unrelated to the robbery, I wouldn't put them
11   together.  But the car was part and parcel of the
12   conduct.
13            THE COURT:  Well, that's for grouping.
14            MR. LINEHAN:  That's why I put it in with
15   the loss.
16            THE COURT:  I know.  Grouped, it was counted
17   as a loss, and the total loss after grouping was the
18   bank robbery proceeds and the value of the car.
19            MR. LINEHAN:  Correct, your Honor.
20            THE COURT:  It's not bank robbery plus car,
21   plus car?
22            MR. LINEHAN:  No, your Honor.
23            THE COURT:  All right.  That objection is
24   overruled, Mr. Lange.
25            MR. LANGE:  Your Honor, I want to put an
```

1   alternative proposition before you.  It appears -- I

2   certainly don't know for certain, but it appears that

3   the Court is going to impose a robbery sentence

4   consecutive to the Massachusetts sentences because the

5   Court's rejected my reading of 5G1.3(b).  I accept

6   that, and I'm not going to try to get the Court to

7   change its mind.

8           THE COURT:  I probably will, but I haven't

9   gotten to that point yet.  But I have rejected your

10  argument that a concurrent sentence is required by the

11  guideline.

12          MR. LANGE:  If the Court does impose the

13  robbery sentence consecutive, the Court should not

14  include the car enhancement.  Because use of that

15  automobile, use of that Jetta, was certainly very much

16  part of what Judge Merrick had to have considered.  It

17  was a big part of the Massachusetts trial, I'm sure.

18  This was an important part of this trial, that the

19  defendant crashed the Jetta in Salem, that he fled the

20  officers, that he was ultimately convicted of lesser

21  included offenses of assaults in that Jetta.  I want

22  the Court to understand I'm making this additional

23  point as well.

24          THE COURT:  All right.  Thank you.  That

25  objection is overruled as well.

1     All right.  Mr. Austin, you had something

2 else you wanted to say?

3          MR. AUSTIN:  No, sir.

4          THE COURT:  All right.  Does the government

5 have any objections to the presentence investigation

6 report?

7          MR. FEITH:  None, your Honor.

8          THE COURT:  All right.  There being no

9 further objections, the Court hereby adopts the

10 findings and recommendations set forth in the

11 presentence investigation report, with the exceptions

12 on the record given the rulings that I've made with

13 regard to discounting the enhancements for vulnerable

14 victim and restraint.

15          Accordingly, I hereby find that the total

16 offense level applicable in this case under the

17 Sentencing Guidelines is level 28, and the criminal

18 history category is a criminal history category six.

19          All right.  Mr. Lange, would you like to be

20 heard on sentencing?

21          MR. LANGE:  Your Honor, I would urge the

22 Court to exercise its discretion under 5G1.3(c),

23 impose a sentence at the low end of the applicable

24 guideline, concurrent with the sentences imposed back

25 on November 4th of last year by Judge Merrick, except

1 that the sentence on Count 2, the five-year mandatory

2 sentence, would have to be consecutive. But I'd urge

3 the Court to impose a concurrent sentence. The

4 defendant will be a very old man before he finishes

5 the first set of sentences here in the Massachusetts

6 case and before he finishes whatever sentence you're

7 about to impose here, and then he starts the five

8 years that he has to serve in full. I think it's

9 common experience that with age, defendants become

10 less likely to reoffend, particularly in the

11 spectacular way in which this defendant has conducted

12 himself to date.

13          THE COURT: Mr. Feith?

14          MR. FEITH: Your Honor, the government asks

15 for a sentence of 175 months on Counts 1 through 4 and

16 5, to be fully consecutive to his sentence in the

17 Massachusetts case. That would be Massachusetts,

18 Essex County Superior Court, Docket 98-770403.

19          Your Honor, this was an extremely violent

20 episode, consistent with this defendant's history of

21 assaultive behavior, as set forth in the detailed

22 report by the probation officer of this defendant's

23 criminal history. And by operation of statute, we ask

24 that Count 2, the 60-month sentence, be consecutive to

25 the sentence the Court imposes on Counts 1, 3, 4, and

1   5.

2           THE COURT:  All right.  I've had a little

3   trouble following your recommendation in your

4   memorandum.

5           MR. FEITH:  In light of the Court's ruling

6   of a total offense level 28 and criminal history

7   category 6, the calculations set forth in the

8   government's memorandum don't even follow.  You can

9   just make it fully consecutive, if that's the Court's

10  desire, because you've already counted --

11          THE COURT:  Accounted for it because

12  we've --

13          MR. FEITH:  Yes.

14          THE COURT:  So the argument would be there

15  is no portion of the guideline sentence that would

16  overlap with the state sentence because the

17  enhancements that otherwise would relate have been

18  nullified.

19          MR. FEITH:  That's correct.  If the Court

20  then determined that a total offense level of 32 is

21  appropriate, then the government's calculations would

22  come into play.  But in light of the Court's rulings,

23  they don't come into play.

24          THE COURT:  All right.  Mr. Austin, you have

25  a right of allocution, which means you have the right

1   to address the Court before sentence is imposed.

2   You're not required to exercise that right, but if

3   you'd care to, I'd be happy to hear from you now.

4           MR. AUSTIN:   Okay.   First of all, I'd like

5   to start with I've done a lot of things in my life

6   that I'm not happy with, but the bottom line of all

7   this is that during my course of actions on February

8   11th, 1998, no one got hurt.   No one got killed.   No

9   one got seriously maimed.   No one's in a wheelchair

10  over it.   And if you give me a sentence of on and

11  after a 30- or 40-year sentence, you're giving me a

12  death sentence.   That's just the way that that is.

13          Nobody got hurt.   I understand that there

14  was conduct on that day that was not very good, but 40

15  years is 40 years.   The thought of on and after, I

16  feel that you're not only sending the message to me

17  personally, you're sending a message to everybody out

18  there that if they ever get put in a situation like

19  that, then you're at the end of the road.

20          Because in that situation that I was in that

21  day, I felt I did the best thing.   I came out of

22  there.   No one came out of that situation hurt.   But

23  what message will that send to somebody that will be

24  put in that situation further down the road if they

25  see my case and they say, geez, look at that?   That's

1  history.  You're history.  You might as well just go

2  for broke right there.  I mean that's what you're

3  saying.

4          Basically what I get from this, I look at

5  the news and I look at the media and I see people kill

6  people and get twelve years.  People kill people and

7  get fifteen years to life.

8          And nobody got hurt in my situation but me.

9  I got shot.  I got taken out of this home.  I got a

10 30-to 40-year sentence, and now I'm looking at another

11 27 years.

12          I'd just ask that you take a good look into

13 that and find some kind of reasoning in that, that no

14 one got hurt.  I mean because the bottom line of it is

15 nobody did get hurt.  Obviously people got hurt in the

16 sense of their feelings and the way that things

17 happened that day, but physically nobody got hurt.

18 I'm the only one that got shot.  Nobody else died.

19          And if people could get fifteen to life for

20 murder, then the message that you're sending is rape

21 my wife, rape my kids, just don't steal my money.

22 Kill my brother, but just don't steal my money.

23          That's basically what this is coming down

24 to.  I stand here by myself today, but there's a lot

25 of people looking at my case to see what happens with

1   this.  And the message that I'm asking is that you
2   don't send a message out there, if you do get in a
3   situation like that, you might as well just go for
4   broke right there.  And I'm asking you to take into
5   consideration the fact that nobody was hurt.
6          And I have remorse for what has happened.  I
7   feel for the Hardy family, and I truly do have
8   remorse.  But you're putting me in a situation where
9   -- you're telling me right now, with what you've just
10  gone over in your guideline calculations, that I'm
11  looking at forever in prison for not hurting anybody.
12  And I just feel that that's a totally wrong message
13  that you want to send to the public.
14         But if that's the message that you want to
15  send, then that's just the way that goes, and I'll
16  hold my head high for whatever sentence you have to
17  impose.  That's it.
18         THE COURT:  All right.  Thank you, Mr.
19  Austin.
20         Mr. Lange, I think I gave you an opportunity
21  to argue; didn't I?  Did I give you an opportunity to
22  argue on sentence?
23         MR. LANGE:  You did, your Honor.
24         (Pause.)
25         THE COURT:  All right.  My math indicates

1  that the maximum under the Sentencing Guidelines is

2  175, 175 months for all but Count 2, and Count 2

3  requires a 60-month consecutive by statute; is that

4  correct?  So that's 235 months.

5          MR. FEITH:  That's correct, your Honor.

6          THE COURT:  And the sentence in

7  Massachusetts is what, 30 years?

8          MR. FEITH:  It is 30 to 40, your Honor.

9          THE COURT:  What does that mean, realistic

10  as a practical matter?

11          MR. FEITH:  Well, we called the records

12  people at Walpole, and I set forth the dates in the

13  memo, your Honor.  They have calculated three dates.

14  His maximum release date is February 10th, 2038.  What

15  they characterize as a minimum release date is

16  February 10th, 2028.  But his good conduct discharge

17  date is -- I believe it's September 2021.  That's the

18  date they gave us, your Honor.

19          MR. AUSTIN:  Your Honor, it's a mandatory

20  30- to 40-year sentence.

21          THE COURT:  Well, in Massachusetts that

22  doesn't always mean you serve it.

23          MR. FEITH:  September 9th, 2021, is what the

24  records custodian at Walpole gave.

25          THE COURT:  2021 best case earliest release

1  date if everything goes right.

2          MR. FEITH:  That's what they call their good

3  conduct discharge date, that's right, if everything

4  goes perfect.

5          MR. AUSTIN:  Your Honor --

6          THE COURT:  Yes.

7          MR. AUSTIN:  Under Truth and Sentencing in

8  Massachusetts, there is no good time conduct on a 30-

9  to 40-year sentence.  Your minimum is 30 years.  Your

10  maximum is 40 years.  You have to serve the 30 years

11  before you become eligible for parole.  On my 30 to

12  40-year sentence, I got 30 to 40 years, which means my

13  minimum is in 30 years.  My maximum is in 40.  So if

14  you give me a sentence of 25 years or 24 years

15  consecutive to 30 years, that's a death sentence.

16          (Pause.)

17          MR. LANGE:  Your Honor, before you impose

18  sentence, there's one other thing I'd like to say.

19          THE COURT:  All right.

20          MR. LANGE:  The defendant requests, if he

21  falls within the BOP criteria, and I don't know what

22  they are, that he be permitted an additional

23  recommendation to be incarcerated, if he's not going

24  to stay in Massachusetts correctional custody, that he

25  be held at Ft. Devens, at least long enough to be able

1  to consult with his attorney, who is David Nathanson

2  (ph.) who is doing the appeal for him in the Supreme

3  Judicial Court in Massachusetts.

4          He's also requested that I file a notice of

5  appeal, which I will do, and he wants me off the

6  case.  I will file an appropriate pleading requesting

7  that David Bownes, or some other attorney who is

8  willing to represent Mr. Austin, represent him on

9  appeal.

10         THE COURT:  That doesn't require any action

11  on my part; does it?

12         MR. LANGE:  It doesn't, your Honor, but the

13  defendant is very anxious that he make it clear to the

14  world he does not want me as counsel.  And with regard

15  to the recommendation, of course, you're empowered to

16  make a recommendation.  Bureau of Prisons doesn't have

17  to follow it.

18         THE COURT:  All right.  I don't think I need

19  to do anything with regard to Mr. Austin's relieving

20  you.  And as to the recommendation, I leave that to

21  the Bureau of Prisons to determine where the defendant

22  should be incarcerated.

23         Was there another request?  That was it?

24         MR. LANGE:  Yes.

25         THE COURT:  I don't think I have anything to

46

1  say about whether you handle the appeal or not, Mr.

2  Lange.

3           Yes, Mr. Austin?

4           MR. AUSTIN:  One more thing.  I just want to

5  put on the record that I would like to get my

6  transcripts for my side bars, my openings, my closings

7  all through my whole trial.  Any kind of transcript

8  I'd like to get.  I just want to put that on the

9  record.

10           MR. LANGE:  I'll do that.  He doesn't

11  believe me, but I will in fact get that.

12           THE COURT:  All right.  If you don't get it,

13  just file a motion, Mr. Austin.

14           MR. AUSTIN:  Okay.

15           THE COURT:  All right.  I'll announce the

16  sentence I intend to impose, but I won't actually

17  impose it until I've given both parties an opportunity

18  to raise any additional legal or factual issues they'd

19  care to raise with regard to the sentence.

20           The Court intends to impose sentence as

21  follows:  Pursuant to the Sentencing Reform Act of

22  1984, it is the judgment of this Court that the

23  defendant, Chad E. Austin, is hereby committed to the

24  custody of the Bureau of Prisons to be imprisoned for

25  a term of 175 months on Count 1, 60 months to be

1  crime, shall comply with the standard conditions that

2  have been adopted by this Court, and shall comply with

3  the following additional conditions:  The defendant

4  shall not illegally possess any controlled substance.

5  The defendant shall not possess a firearm as defined

6  in 18 U.S. Code, Section 921.  Defendant shall refrain

7  from any unlawful use of a controlled substance.  The

8  defendant shall submit to one drug test within fifteen

9  days of release from imprisonment and at least two

10  periodic drug tests thereafter as directed by the

11  probation officer.  The defendant shall pay any

12  financial penalties that is imposed by this judgment

13  and that remains unpaid at the commencement of the

14  term of supervised release.

15        In addition, the defendant shall comply with

16  the following special conditions:  The defendant shall

17  provide the probation officer with access to any

18  requested financial information.  The defendant shall

19  not incur new credit charges or open additional lines

20  of credit without the approval of the probation

21  officer unless he is in compliance with the

22  installment payment schedule.

23        The defendant shall participate in a program

24  approved by the United States Probation Office for the

25  treatment of narcotic addiction or drug or alcohol

49

1  dependency, which will include testing for the

2  detection of substance use or abuse.

3         The defendant shall also abstain from the

4  use of alcoholic beverages and/or all other

5  intoxicants during and after the course of treatment.

6  The defendant shall pay for the cost of treatment to

7  the extent he is able as determined by the probation

8  officer.

9         The defendant shall participate in a program

10  of mental health treatment as directed by the

11  probation officer until such time as the defendant is

12  released by the program by the probation officer.  The

13  defendant shall pay for the cost of treatment to the

14  extent he is able as determined by the probation

15  officer.

16         Defendant shall submit his person,

17  residence, office, or vehicle to a search conducted by

18  a U.S. probation officer at a reasonable time and in a

19  reasonable manner based upon reasonable suspicion that

20  contraband or evidence of a violation of a condition

21  of release may exist.  Failure to submit to a search

22  may be grounds for revocation.  The defendant shall

23  warn any other residents that the premises may be

24  subject to searches pursuant to this condition.

25         The defendant shall not possess or have

1   under his control any dangerous weapons.

2         It is further ordered that this defendant

3   shall pay to the United States a special assessment of

4   $500.  It is further ordered that the defendant shall

5   make restitution to the insurance carrier, the AMICA

6   Company.  Is that AMICA, Mr. Linehan?

7         MR. LINEHAN:  AMICA, yes, your Honor.

8         THE COURT:  Because the balance looks a

9   little different.

10        MR. LINEHAN:  I believe 4,650 is what they

11  ultimately disbursed, some of it to the loan company,

12  some of it to the owner of the vehicle.  It's a little

13  confusing the way it's presented.

14        THE COURT:  No, I see it, with the

15  deductible, all right, and the balance paid.

16        All right.  It is further ordered that the

17  defendant make restitution to the AMICA Insurance

18  Company in the amount of not more than $2,000.  The

19  Court finds that the defendant does not have the

20  ability to pay a fine in addition to the restitution

21  ordered in the case.  The Court will waive imposition

22  of a fine in this case.

23        The payment of total criminal monetary

24  penalties shall be due as follows:  $500 immediately,

25  balance due in installments to commence 30 days after

1    the date of this judgment.  In the event the entire

2    amount of criminal monetary penalties imposed is not

3    paid prior to the commencement of supervision, the

4    U.S. probation officer shall pursue collection of the

5    amount due and shall request the Court to establish a

6    payment schedule, if appropriate.

7            The defendant shall be remanded to the

8    custody of the United States Marshal.  It's the

9    Court's intent to impose a sentence that will

10   effectively require the defendant to serve an

11   additional ten years of imprisonment consecutive to

12   the term imposed by Massachusetts, which is a 30-year

13   to 40-year sentence.

14           Would either counsel like to -- or, Mr.

15   Austin, would you like to raise any objections to the

16   sentence as the Court intends to impose it?  Mr.

17   Lange?

18           MR. LANGE:  Your Honor, I have nothing to

19   add to the arguments I've already made.  I just want

20   to make sure I understand the sentence as it was

21   imposed.

22           The sentence on Count 1 is 175 months.  115

23   of that is concurrent with the sentences on Counts 3,

24   4, and 5 and also with the current Massachusetts

25   sentence.  60 months of that is consecutive to both

52

1   the other counts and to Massachusetts.

2           THE COURT:   Correct.

3           MR. LANGE:   In addition, on Count 2 there's

4   a fully consecutive sentence of 60 months.   So the

5   first sentence is on Count 1.   And with regard to

6   Counts 3, 4, and 5, they're 115 and fully concurrent?

7           THE COURT:   They're 120 and they're fully

8   concurrent.   So that would be ten years consecutive,

9   the rest concurrent with each other and with the other

10  federal sentences on the different counts and with the

11  state sentence.

12          And, Mr. Feith, any objection on your part?

13          MR. FEITH:   None, your Honor.

14          THE COURT:   All right.   Then the Court

15  hereby imposes the sentence as announced.   And, Mr.

16  Austin, it's now my obligation to advise you that you

17  have the right to appeal the sentence that I've

18  imposed to the United States Court of Appeals for the

19  First Circuit located in Boston, Massachusetts.

20  However, any appeal you file must be filed within ten

21  days of the entry of judgment.   I expect judgment will

22  be entered today.   So you'll have ten days from today

23  to file your appeal.

24          All right.   The defendant is remanded to the

25  United States Marshal.   Court's adjourned.

53

1         (Court adjourned at 10:50 a.m.)

2

3            C E R T I F I C A T E

4

5    I, Diane M. Churas, do hereby certify that

6 the foregoing transcript is a true and accurate

7 transcription of the within proceedings, to the best

8 of my knowledge, skill, ability and belief.

9

10

11       DIANE M. CHURAS, CSR, RPR

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT



AO 245C (Rev. 8/96) Sheet 1 - Amended Judgment in a Criminal Case

NOTE: Identify Changes with Asterisks (*)

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

# United States District Court

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| Chad E. Austin | Case Number:  1:98CR00131-001 |

APR 5   2 59 PM '01

**Date of Original Judgment:**  11/12/1999
*(or Date of Last Amended Judgment)*

David Bownes, Esq.
Defendant's Attorney

## Reason for Amendment:

- [ ] Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))
- [ ] Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- [ ] Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(c))
- [x] Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- [ ] Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))
- [ ] Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- [ ] Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- [ ] Direct Motion to District Court Pursuant to   [ ] 28 U.S.C. § 2255,
      [ ] 18 U.S.C. § 3559(c)(7), or   [ ] Modification of Restitution Order

## THE DEFENDANT:

- [ ] pleaded guilty to count(s) _____
- [ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.
- [x] was found guilty on count(s)  1, 2, 3, 4, 5 after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C.  §  2113 (a)(d) | Bank Robbery | 02/11/1998 | 1 |
| 18 U.S.C.  §  924 (c) | Use of a firearm in a crime of violence | 02/11/1998 | 2 |
| 18 U.S.C.  §  922 (g)(1) | Possession of a firearm by a prohibited person | 02/11/1998 | 3 |

See Additional Counts of Conviction - Page   2

The defendant is sentenced as provided in pages 2 through   9   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- [ ] The defendant has been found not guilty on count(s) _____
- [ ] Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days by this any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:  \

Defendant's Date of Birth:  06/14/1973

Defendant's USM No.:  02205-049

Defendant's Residence Address:

MCI-Cedar Junction

Walpole                    MA

Defendant's Mailing Address:

MCI-Cedar Junction

Walpole                    MA

04/02/2001
Date of Imposition of Judgment

Signature of Judicial Officer

Steven J. McAuliffe
U.S. District Judge
Name & Title of Judicial Officer

April 5, 2001
Date

AO 245C (Rev. 8/96) Amended Judgment in a Criminal Case: Sheet 1 - Judgment in a Criminal Case

(NOTE: Identify Changes with Asterisks (*))

Judgment-Page __2__ of __9__

DEFENDANT:      Chad E. Austin

CASE NUMBER:    1:98CR00131-001

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2314 | Interstate Transportation of Stolen Property | 02/11/1998 | 4 |
| 18 U.S.C. § 2312 | Interstate Transportation of a stolen motor vehicle | 02/11/1998 | 5 |

(NOTE: Identify Changes with Asterisks (*))

AO 245C (Rev. 8/96) Amended Judgment in a Criminal - Sheet 2 - Imprisonment

Judgment-Page __3__ of __9__

DEFENDANT:        Chad E. Austin
CASE NUMBER:      1:98CR00131-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for
a total term of  * __222__  month(s)  .

See Additional Imprisonment Terms - Page   4

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ a.m./p.m.  on _____

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245C (Rev. 8/96) Amended Judgment in a Criminal   Sheet 2 - Imprisonment

Judgment-Page __4__ of __9__

DEFENDANT:     Chad E. Austin

CASE NUMBER:   1:98CR00131-001

## ADDITIONAL IMPRISONMENT TERMS

On Count 1, 102 months of which shall be served concurrently with and 60 months of which shall be served consecutively with the Massachusetts State sentence now being served. It is further order that defendant is committed to the Bureau of Prisons to be imprisoned for a term of 120 months on each of Counts 3, 4 and 5, such terms to be served concurrently with each other and with the sentence on Count 1, and effective this date, concurrently with the Massachusetts state sentence now being served. It is further ordered that the defendant is hereby committed to the Bureau of Prisons to be imprisoned for a term of 60 months on Count 2, said sentence to be served consecutively to the instant federal sentence on Counts 1, 3, 4 and 5 and consecutively with the Massachusetts State sentence now being served.

AO 245C (Rev. 8/96) Amended Judgment in a Criminal Case - Sheet 3 - Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment-Page __5__ of __9__

DEFENDANT:     Chad E. Austin
CASE NUMBER:   1:98CR00131-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____5_____ year(s)

on Count 1 and terms of 3 years on each of counts 3, 4 and 5, all such terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

See Special Conditions of Supervision - Page    6

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245C (Rev. 8/96) Amended Judgment in a Criminal Case: Sheet 3 - Supervised Release

Judgment-Page __6__ of __9__

DEFENDANT:        Chad E. Austin
CASE NUMBER:      1:98CR00131-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

The defendant shall participate in a program approved by the United States Probation Office for treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse. The defendant shall also abstain from the use of alcoholic beverages and/or all other intoxicants during and after the course of treatment. The defendant shall pay for the cost of treatment to the extent he is able as determined by the probation officer.

The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay for the cost of treatment to the extent he is able as determined by the probation officer.

The defendant shall submit his person, residence, office, or vehicle to a search conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion that contraband or evidence of a violation of a condition of release may exist; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

The defendant shall not possess or have under his control any dangerous weapons.

AO 245C (Rev. 8/96) Amended Judgment in a Criminal   Sheet 5, Part A - Criminal Monetary Penalties

DEFENDANT:   Chad E. Austin

CASE NUMBER:   1:98CR00131-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 500.00 | $ | $ 2,000.00 |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . .   $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of   $ _____

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☒ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Amica Mutual Insurance Company | | $2,000.00 | |
| Totals: | $ | $ 2,000.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245C (Rev. 8/96) Amended Judgment in a Criminal Sheet 5, Part B - Criminal Monetary Penalties   (NOTE: Identify Changes with Asterisks (*))

Judgment-Page __8__ of __9__

DEFENDANT:  Chad E. Austin
CASE NUMBER:  1:98CR00131-001

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☐ in full immediately; or

B ☒ $ ____500.00____ immediately, balance due (in accordance with C, D, or E); or

C ☐ not later than _____; or

D ☒ in installments to commence __30__ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

All financial penalty payments, except those made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, 55 Pleasant Street, Room 110, Concord NH 03301. Payment shall be in cash or in a bank check or money order made payable to Clerk, U.S. District Court. Personal checks are not acceptable.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

AO 245C (Rev. 8/96) Amended Judgment in a Criminal Case — Sheet 6 - Statement of Reasons (NOTE: Identify Changes with Asterisks (*))

Judgment—Page 9 of 9

DEFENDANT: Chad E. Austin

CASE NUMBER: 1:98CR00131-001

# STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

## OR

☒ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

as to discounting enhancements on vulnerable victims and restraint as placed on the record

**Guideline Range Determined by the Court:**

Total Offense Level: 27

Criminal History Category: 6

Imprisonment Range: 130 to 162 months (plus 5 years consecutive for Count 2)

Supervised Release Range: 3 to 5 years

Fine Range: $ ___12,500.00___ to $ ___125,000.00___

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ ___2,000.00___

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☒ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

Given the defendant's extraordinarily violent and endangering behavior in the aftermath of the armed bank robbery (shooting at police officers, driving at speeds of 100 mph) and defendant's extensive criminal history, a sentence at the top of the range is warranted. (Note the range was adjusted downward by 4 points to insure that offense conduct likely taken into account in his Massachusetts' sentence not be again taken into account in formulating this sentence. And, in addition, part of the sentence imposed was also made concurrent, since a partially concurrent and partially consecutive sentence will serve as an adequate sanction for the offense conduct in this case. The government did not appeal the adjustment and although the Court of Appeals found it improper to adjust downward by 4 points, it did not disturb that adjustment and, instead, held level 26 to be the applicable total offense level.)

EXHIBIT

APPEAL,CLOSED

# U.S. District Court
## District of New Hampshire (Concord)
## CRIMINAL DOCKET FOR CASE #: 1:98-cr-00131-SM-1

Case title: USA v. Austin
Magistrate judge case number: 1:98-mj-00006

Date Filed: 11/04/1998
Date Terminated: 11/12/1999

Assigned to: Judge Steven J. McAuliffe

Appeals court case numbers: 99-2302, CCA
13-1485

### Defendant (1)

**Chad E. Austin**
*TERMINATED: 11/12/1999*

represented by **Chad E. Austin**
#W66510
MCI - Norfolk (MA)
PO Box 43
Norfolk, MA 02056
PRO SE

**Bjorn R. Lange**
Federal Defender's Office
The Ralph Pill Building
22 Bridge St
Concord, NH 03301
603 226-7360
Email: bjorn_lange@fd.org
*TERMINATED: 11/12/1999*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Public Defender or
Community Defender Appointment

**David H. Bownes**
Bownes Law Office PC
20 Canal St
Laconia, NH 03246
603-524-4330
Email: office@dhblaw.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment



### Pending Counts

18:2113(a) and (d) BANK ROBBERY BY
FORCE OR VIOLENCE
(1)

### Disposition

Deft is hereby committed to the custody of
the Bureau of Prisons to be imprisoned for a
total term of 175 months. On Count 1, 115
months of which shall be served
concurrently with & 60 months of which

shall be served consecutively with the Massachuse tts State sentence now being served. It is further ordered that defendant is committed to the Bureau of Prisons to be imprisoned for a term of 120 months on each of Counts 3, 4 & 5, such terms to be served concurrently with each other and with the se ntence on Count 1, and effective this date, concurrently with the Massachusetts state sentence now being served. It is further ordered that the defendant is hereby committed to the Bureau of Prisons to be imprisoned for a term of 60 months on Count 2 , said sentence to be served consecutively to the instant federal sentence on Counts 1, 3, 4 & 5 and consecutively with the Massachusetts State sentence now being served; Supervised Release for 5 years on Count 1 and terms of 3 years on each of count s 3,4 & 5, all such terms to run concurrently w/standard conditions; Special Conditions, to provided any financial info, shall not incur new credit charges, shall participate in drug/alcohol treatment program, abstain from alcohol, shall participate in mental health treatment program, shall submit to searches, shall not possess or have under his control any dangerous weapons; Special Penalty Assessment $500; Restitution $2,000 to Amica Mutual Insurance Co, $500 due immediately, ba lance 30 days after date of judgment in installments; Remanded to US Marshall.

Deft is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a total term of 175 months. On Count 1, 115 months of which shall be served concurrently with & 60 months of which shall be served consecutively with the Massachuse tts State sentence now being served. It is further ordered that defendant is committed to the Bureau of Prisons to be imprisoned for a term of 120 months on each of Counts 3, 4 & 5, such terms to be served concurrently with each other and with the se ntence on Count 1, and effective this date, concurrently with the Massachusetts state sentence now being served. It is further ordered that the defendant is hereby committed to the Bureau of Prisons to be imprisoned for a term of 60 months on Count 2 , said sentence to be served consecutively to the instant federal sentence on Counts 1,

18:924(c) USE OF A FIREARM DURING CRIME OF VIOLENCE (2)

3, 4 & 5 and consecutively with the Massachusetts State sentence now being served; Supervised Release for 5 years on Count 1 and terms of 3 years on each of count s 3,4 & 5, all such terms to run concurrently w/standard conditions; Special Conditions, to provided any financial info, shall not incur new credit charges, shall participate in drug/alcohol treatment program, abstain from alcohol, shall participate in mental health treatment program, shall submit to searches, shall not possess or have under his control any dangerous weapons; Special Penalty Assessment $500; Restitution $2,000 to Amica Mutual Insurance Co, $500 due immediately, ba lance 30 days after date of judgment in installments; Remanded to US Marshall.

18:922(g)(1) FELON IN POSSESSION OF A FIREARM
(3r)

Deft is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a total term of 175 months. On Count 1, 115 months of which shall be served concurrently with & 60 months of which shall be served consecutively with the Massachuse tts State sentence now being served. It is further ordered that defendant is committed to the Bureau of Prisons to be imprisoned for a term of 120 months on each of Counts 3, 4 & 5, such terms to be served concurrently with each other and with the se ntence on Count 1, and effective this date, concurrently with the Massachusetts state sentence now being served. It is further ordered that the defendant is hereby committed to the Bureau of Prisons to be imprisoned for a term of 60 months on Count 2 , said sentence to be served consecutively to the instant federal sentence on Counts 1, 3, 4 & 5 and consecutively with the Massachusetts State sentence now being served; Supervised Release for 5 years on Count 1 and terms of 3 years on each of count s 3,4 & 5, all such terms to run concurrently w/standard conditions; Special Conditions, to provided any financial info, shall not incur new credit charges, shall participate in drug/alcohol treatment program, abstain from alcohol, shall participate in mental health treatment program, shall submit to searches, shall not possess or have under his control any dangerous weapons; Special Penalty Assessment $500; Restitution $2,000 to

Amica Mutual Insurance Co, $500 due immediately, ba lance 30 days after date of judgment in installments; Remanded to US Marshall.

Deft is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a total term of 175 months. On Count 1, 115 months of which shall be served concurrently with & 60 months of which shall be served consecutively with the Massachuse tts State sentence now being served. It is further ordered that defendant is committed to the Bureau of Prisons to be imprisoned for a term of 120 months on each of Counts 3, 4 & 5, such terms to be served concurrently with each other and with the se ntence on Count 1, and effective this date, concurrently with the Massachusetts state sentence now being served. It is further ordered that the defendant is hereby committed to the Bureau of Prisons to be imprisoned for a term of 60 months on Count 2 , said sentence to be served consecutively to the instant federal sentence on Counts 1, 3, 4 & 5 and consecutively with the Massachusetts State sentence now being served; Supervised Release for 5 years on Count 1 and terms of 3 years on each of count s 3,4 & 5, all such terms to run concurrently w/standard conditions; Special Conditions, to provided any financial info, shall not incur new credit charges, shall participate in drug/alcohol treatment program, abstain from alcohol, shall participate in mental health treatment program, shall submit to searches, shall not possess or have under his control any dangerous weapons; Special Penalty Assessment $500; Restitution $2,000 to Amica Mutual Insurance Co, $500 due immediately, ba lance 30 days after date of judgment in installments; Remanded to US Marshall.

18:2314 INTERSTATE TRANSPORTATION OF STOLEN PROPERTY (4)

Deft is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a total term of 175 months. On Count 1, 115 months of which shall be served concurrently with & 60 months of which shall be served consecutively with the Massachuse tts State sentence now being served. It is further ordered that defendant is committed to the Bureau of Prisons to be imprisoned for a term of 120 months on each

18:2312 INTERSTATE TRANSPORTATION OF STOLEN VEHICLES (5)

of Counts 3, 4 & 5, such terms to be served concurrently with each other and with the sentence on Count 1, and effective this date, concurrently with the Massachusetts state sentence now being served. It is further ordered that the defendant is hereby committed to the Bureau of Prisons to be imprisoned for a term of 60 months on Count 2 , said sentence to be served consecutively to the instant federal sentence on Counts 1, 3, 4 & 5 and consecutively with the Massachusetts State sentence now being served; Supervised Release for 5 years on Count 1 and terms of 3 years on each of count s 3,4 & 5, all such terms to run concurrently w/standard conditions; Special Conditions, to provided any financial info, shall not incur new credit charges, shall participate in drug/alcohol treatment program, abstain from alcohol, shall participate in mental health treatment program, shall submit to searches, shall not possess or have under his control any dangerous weapons; Special Penalty Assessment $500; Restitution $2,000 to Amica Mutual Insurance Co, $500 due immediately, ba lance 30 days after date of judgment in installments; Remanded to US Marshall.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                              **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                                    **Disposition**

None

**Plaintiff**

USA                                        represented by  **Donald A. Feith**
                                                          US Attorney's Office (NH)
                                                          James C. Cleveland Federal Building
                                                          53 Pleasant St, 4th Flr
                                                          Concord, NH 03301-0001
                                                          603 225-1552

Email: donald.feith@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/11/1998 | 1 | COMPLAINT as to Chad E. Austin. Added AUSA Donald A. Feith [ 1:98-m -6 ] (cm) (Entered: 02/12/1998) |
| 02/11/1998 | | Arrest WARRANT issued as to Chad E. Austin; original warrant and copies to US Marshal and US Probation [ 1:98-m -6 ] (cm) (Entered: 02/12/1998) |
| 11/04/1998 | 2 | INDICTMENT as to Chad E. Austin (1) count(s) 1, 2, 3, 4, 5 Added AUSA Donald A. Feith. (bc) (Entered: 11/05/1998) |
| 11/04/1998 | 3 | Praecipe for Arrest Warrant as to Chad E. Austin (bc) (Entered: 11/05/1998) |
| 11/05/1998 | | Arrest WARRANT issued as to Chad E. Austin ; original warrant and copies to US Marshal and US Probation (bc) (Entered: 11/05/1998) |
| 11/09/1998 | 4 | PETITION by USA for Writ of Habeas Corpus ad prosequendum as to Chad E. Austin (amm) (Entered: 11/09/1998) |
| 11/09/1998 | | WRIT of Habeas Corpus ad Prosequendum issued as to Chad E. Austin for 11/19/98 (amm) (Entered: 11/09/1998) |
| 11/19/1998 | | Re Chad Austin: INITIAL APPEARANCE/ARRAIGNMENT held before Magistrate Judge Muirhead in Courtroom B. Defendant sworn, advised of rights and charges. Defendant waived reading of indictment. Plea of NOT GUILTY to Counts 1-5 entered and accepted by the court. Government is seeking detention. Defense counsel stated that defendant is in process of appealing his recent Massachusetts State Court conviction and needs access to his Massachusetts counsel and prison law library. Defendant released on personal recognizance and special conditions as outlined in Order Setting Conditions of Release. Trial is set for 1/5/99 with an estimated length of 1 week. Case is not complex. Defendant remains in custody of State of Massachusetts. Court Reporter/Tape #: B:69 (854-1347) (jeb) Modified on 11/20/1998 (Entered: 11/19/1998) |
| 11/19/1998 | 5 | FINANCIAL AFFIDAVIT by Chad E. Austin (amm) (Entered: 11/24/1998) |
| 11/19/1998 | 6 | Appointment of Federal Defender as to Chad E. Austin : Added Bjorn R. Lange (Signed by James R. Starr, Clerk) (amm) (Entered: 11/24/1998) |
| 11/19/1998 | 7 | Arrest WARRANT Returned Executed on 11/19/98 as to Chad E. Austin (amm) (Entered: 11/24/1998) |
| 11/19/1998 | 8 | ORDER Setting Conditions of Release as to Chad E. Austin Bond set to Personal Recognizance for Chad E. Austin; to report when and where ordered by the court; to report to US Probation regularly; to clear up all pending charges in Massachusetts; Bail will become effective after all imposed sentences have been satisfied in Massachusetts ( Signed by Magistrate Judge James R. Muirhead ) (amm) (Entered: 11/24/1998) |
| 11/19/1998 | | ENDORSED ORDER as to Chad E. Austin granting [5-1] financial affidavit as to Chad E. Austin (1) ( Entered by Magistrate Judge James R. Muirhead ) (amm) (Entered: 11/24/1998) |
| 11/20/1998 | 9 | WRIT of Habeas Corpus ad Prosequendum executed as to Chad E. Austin on 11/19/98 (amm) Modified on 11/24/1998 (Entered: 11/23/1998) |

| | | |
|---|---|---|
| 11/24/1998 | | Re Chad Austin: TRIAL NOTICE. Final Pretrial Conference set for 4:00 12/16/98 ; Jury Trial set for 2-week period beginning 9:30 1/5/98 ; ( before Judge Steven J. McAuliffe ) (amm) (Entered: 11/24/1998) |
| 12/04/1998 | 10 | Assented to MOTION by Chad E. Austin for Continuance of Trial in Interests of Justice until on or after 4/14/99 with waiver of speedy trial. (mm) Modified on 12/14/1998 (Entered: 12/04/1998) |
| 12/10/1998 | 11 | ORDER as to Chad E. Austin granting [10-1] motion for Continuance of Trial in Interests of Justice until on or after 4/14/99 Time Excluded from 2/4/99 to 5/4/99 as to Chad E. Austin (1), set Jury Trial for 9:30 5/4/99 for Chad E. Austin , set Final Pretrial Conference for 8:30 4/15/99 for Chad E. Austin ( Signed by Judge Steven J. McAuliffe ) (amm) (Entered: 12/14/1998) |
| 12/18/1998 | 12 | Arrest WARRANT Returned Executed on 11/9/98 as to Chad E. Austin (amm) (Entered: 12/20/1998) |
| 03/22/1999 | 13 | MOTION by Chad E. Austin for deft to be appointed as co-counsel Objections to Motion due by 4/12/99 for USA (amm) (Entered: 03/22/1999) |
| 03/29/1999 | 14 | OBJECTION by USA as to Chad E. Austin re: [13-1] motion for deft to be appointed as co-counsel (amm) (Entered: 03/30/1999) |
| 04/06/1999 | 15 | Addendum by Chad E. Austin as to Chad E. Austin to [13-1] motion for deft to be appointed as co-counsel (amm) (Entered: 04/07/1999) |
| 04/14/1999 | | ENDORSED ORDER as to Chad E. Austin denying [13-1] motion for deft to be appointed as co-counsel as to Chad E. Austin (1) ( Entered by Judge Steven J. McAuliffe ) (amm) (Entered: 04/23/1999) |
| 04/15/1999 | | Re Chad Austin: FINAL PRETRIAL CONFERENCE held before Judge Steven J. McAuliffe in Rm 421 (amm) (Entered: 04/15/1999) |
| 04/22/1999 | 16 | FINAL PRETRIAL ORDER as to Chad E. Austin: Jury selection on 5/4/99 at 9:30; Evidence to commence 5/17/99 at 9:00; Govt entitled to 6 peremptory challenges; Deft entitled to 10 peremptory challenges; Each side entitled to 2 additional peremptory challenges for alternates; Witness lists due 5/4/99; Jury instructions due 5/17/99; Voir dire due 5/4/99 at 8:30; Exhibits due 5/10/99; Motions in Limine due 4/26/99, objections due 5/4/99. ( Signed by Judge Steven J. McAuliffe ) (amm) (Entered: 04/23/1999) |
| 04/23/1999 | 17 | PETITION by USA for Writ of Habeas Corpus ad prosequendum as to Chad E. Austin (amm) (Entered: 04/26/1999) |
| 04/26/1999 | | WRIT of Habeas Corpus ad Prosequendum issued as to Chad E. Austin for 5/4/99 (amm) (Entered: 04/26/1999) |
| 04/28/1999 | 18 | MOTION by Chad E. Austin to Suppress (amm) (Entered: 04/28/1999) |
| 04/28/1999 | 19 | MOTION by Chad E. Austin in Limine on marital privilege Objections to Motion due by 5/4/99 for USA (amm) (Entered: 04/28/1999) |
| 04/28/1999 | 20 | MOTION by Chad E. Austin in Limine on uncharged misconduct Objections to Motion due by 5/4/99 for USA (amm) (Entered: 04/28/1999) |
| 04/28/1999 | 21 | MOTION by Chad E. Austin to Suppress Letter (amm) (Entered: 04/28/1999) |
| 04/30/1999 | 22 | MOTION by Chad E. Austin to Appear Pro Se government takes no position; no memo (jab) (Entered: 04/30/1999) |
| 05/03/1999 | 23 | Witness list by USA as to Chad E. Austin (amm) (Entered: 05/03/1999) |

| | | |
|---|---|---|
| 05/03/1999 | 24 | RESPONSE by USA as to Chad E. Austin re [18-1] motion to Suppress (amm) (Entered: 05/03/1999) |
| 05/03/1999 | 25 | OBJECTION by USA as to Chad E. Austin re: [21-1] motion to Suppress Letter (amm) (Entered: 05/03/1999) |
| 05/03/1999 | 26 | RESPONSE by USA as to Chad E. Austin re [19-1] motion in Limine on marital privilege (amm) (Entered: 05/03/1999) |
| 05/03/1999 | 27 | RESPONSE by USA as to Chad E. Austin re [20-1] motion in Limine on uncharged misconduct (amm) (Entered: 05/03/1999) |
| 05/03/1999 | 28 | MOTION by Chad E. Austin for special voir dire (amm) (Entered: 05/03/1999) |
| 05/04/1999 | 29 | SUPPLEMENTAL Witness list by USA as to Chad E. Austin (amm) (Entered: 05/04/1999) |
| 05/04/1999 | | ENDORSED ORDER as to Chad E. Austin granting [22-1] motion to Appear Pro Se as to Chad E. Austin (1) ( Entered by Judge Steven J. McAuliffe ) (amm) (Entered: 05/05/1999) |
| 05/04/1999 | | ENDORSED ORDER as to Chad E. Austin granting [28-1] motion for special voir dire as to Chad E. Austin (1); Granted to the extent the requests are adequately covered in the court's standard voir dire. ( Entered by Judge Steven J. McAuliffe ) (amm) (Entered: 05/05/1999) |
| 05/04/1999 | | MOTION HEARING re: [22-1] motion to Appear Pro Se before Judge Steven J. McAuliffe Court Reporter: D. Churas (amm) (Entered: 05/05/1999) |
| 05/04/1999 | | Jury trial, Day 1, Jury Selection only; as to Chad E. Austin begun count(s) 1, 2, 3, 4, 5; Court Reporter: D. Churas (amm) (Entered: 05/05/1999) |
| 05/04/1999 | 295 | Witness list by Chad E. Austin (amm) (Entered: 05/12/1999) |
| 05/05/1999 | | MOTION HEARING re: [21-1] motion to Suppress Letter set at 2:00 5/12/99 for Chad E. Austin, [20-1] motion in Limine on uncharged misconduct set at 2:00 5/12/99 for Chad E. Austin, [19-1] motion in Limine on marital privilege set at 2:00 5/12/99 for Chad E. Austin, [18-1] motion to Suppress set at 2:00 5/12/99 for Chad E. Austin before Judge Steven J. McAuliffe (amm) (Entered: 05/05/1999) |
| 05/06/1999 | 30 | Jury list as to Chad E. Austin (amm) (Entered: 05/06/1999) |
| 05/06/1999 | 31 | MOTION by Chad E. Austin on conditions of confinement (amm) (Entered: 05/07/1999) |
| 05/06/1999 | 32 | MOTION by Chad E. Austin to supplement motion to suppress letter (amm) (Entered: 05/07/1999) |
| 05/06/1999 | 33 | MOTION by Chad E. Austin for disclosure (amm) (Entered: 05/07/1999) |
| 05/10/1999 | 34 | MOTION by Chad E. Austin to subpoena witnesses (amm) (Entered: 05/11/1999) |
| 05/12/1999 | | MOTION HEARING re: [34-1] motion to subpoena witnesses, held in camera only as to motion to subpoena witnesses; [33-1] motion for disclosure, [32-1] motion to supplement motion to suppress letter, [31-1] motion on conditions of confinement, [21-1] motion to Suppress Letter Motion hearing held, [20-1] motion in Limine on uncharged misconduct Motion hearing held, [19-1] motion in Limine on marital privilege Motion hearing held, [18-1] motion to Suppress Motion hearing held before Judge Steven J. McAuliffe Court Reporter/Tape #: D. Churas (amm) (Entered: 05/13/1999) |
| 05/12/1999 | | MOTION in open court by Chad E. Austin for haircut prior to trial (amm) (Entered: 05/13/1999) |

| 05/12/1999 | | ORAL ORDER as to Chad E. Austin granting [0-0] oral motion for haircut prior to trial as to Chad E. Austin (1) Deft to receive adequate haircut before trial. ( Entered by Judge Steven J. McAuliffe ) (amm) (Entered: 05/13/1999) |
|---|---|---|
| 05/12/1999 | | MOTION in open court by USA as to Chad E. Austin for request for use of ctrm #4 because of exhibits for trial (amm) (Entered: 05/13/1999) |
| 05/12/1999 | | ORAL ORDER as to Chad E. Austin granting [0-0] oral motion for request for use of ctrm #4 because of exhibits for trial as to Chad E. Austin (1) ( Entered by Judge Steven J. McAuliffe ) (amm) (Entered: 05/13/1999) |
| 05/12/1999 | | ENDORSED ORDER as to Chad E. Austin denying [31-1] motion on conditions of confinement as to Chad E. Austin (1) ( Entered by Judge Steven J. McAuliffe ) (amm) (Entered: 05/13/1999) |
| 05/12/1999 | | ENDORSED ORDER as to Chad E. Austin denying [19-1] motion in Limine on marital privilege as to Chad E. Austin (1); Denied without prejudice to interposing an objection at the appropriate time if the testimony is offered. ( Entered by Judge Steven J. McAuliffe ) (amm) (Entered: 05/13/1999) |
| 05/12/1999 | 35 | SUPPLEMENTAL MOTION by Chad E. Austin in Limine on Admissions (amm) (Entered: 05/13/1999) |
| 05/12/1999 | 36 | SUPPLEMENTAL MOTION by Chad E. Austin to Suppress Letter (amm) (Entered: 05/13/1999) |
| 05/12/1999 | 37 | MOTION by Chad E. Austin in Limine on Admissions (amm) (Entered: 05/13/1999) |
| 05/12/1999 | | ORAL ORDER as to Chad E. Austin granting in part, denying in part [34-1] motion to subpoena witnesses as to Chad E. Austin (1) ( Entered by Judge Steven J. McAuliffe ) (amm) (Entered: 05/13/1999) |
| 05/12/1999 | | ORAL ORDER as to Chad E. Austin [21-1] motion to Suppress Letter taken under advisement as to Chad E. Austin (1), [36-1] motion to Suppress Letter taken under advisement as to Chad E. Austin (1) ( Entered by Judge Steven J. McAuliffe ) (amm) (Entered: 05/13/1999) |
| 05/12/1999 | | MOTION in open court by Chad E. Austin to sequester witnesses (amm) (Entered: 05/13/1999) |
| 05/12/1999 | | ORAL ORDER as to Chad E. Austin granting [0-0] oral motion to sequester witnesses as to Chad E. Austin (1) ( Entered by Judge Steven J. McAuliffe ) (amm) (Entered: 05/13/1999) |
| 05/14/1999 | 38 | ASSENTED TO MOTION by Chad E. Austin for witness travel at govt expense (amm) (Entered: 05/14/1999) |
| 05/17/1999 | 39 | Exhibit list by USA as to Chad E. Austin (jab) (Entered: 05/17/1999) |
| 05/17/1999 | 40 | Jury list as to Chad E. Austin (jab) (Entered: 05/17/1999) |
| 05/17/1999 | 41 | Proposed Jury Instructions by USA as to Chad E. Austin (jab) (Entered: 05/17/1999) |
| 05/17/1999 | 42 | UNOPPOSED MOTION by Chad E. Austin To Subpoena Witness memo (jab) (Entered: 05/17/1999) |
| 05/17/1999 | 43 | Exhibit list by Chad E. Austin (jab) (Entered: 05/17/1999) |
| 05/17/1999 | | ENDORSED ORDER as to Chad E. Austin granting [38-1] motion for witness travel at govt expense as to Chad E. Austin (1) ( Entered by Judge Steven J. McAuliffe ) (jab) (Entered: 05/17/1999) |

| 05/17/1999 | | ENDORSED ORDER denying [36-1] motion to Suppress Letter as to Chad E. Austin (1) ( Entered by Judge Steven J. McAuliffe ) (jab) (Entered: 05/18/1999) |
|---|---|---|
| 05/17/1999 | | ENDORSED ORDER as to Chad E. Austin granting in part, denying in part [20-1] motion in Limine on uncharged misconduct as to Chad E. Austin (1) ( Entered by Judge Steven J. McAuliffe ) (jab) (Entered: 05/18/1999) |
| 05/17/1999 | | ENDORSED ORDER granting [33-1] motion for disclosure as to Chad E. Austin (1). Motion granted to the extend not waived -- government complied as to "explanation" request. ( Entered by Judge Steven J. McAuliffe ) (jab) (Entered: 05/18/1999) |
| 05/17/1999 | | ENDORSED ORDER as to Chad E. Austin granting [32-1] motion to supplement motion to suppress letter as to Chad E. Austin (1) ( Entered by Judge Steven J. McAuliffe ) (jab) (Entered: 05/18/1999) |
| 05/17/1999 | | DAY 2: Jury trial as to Chad E. Austin held before Judge McAuliffe in Courtroom 1. Jury sworn. Opening statements by Atty. Feith and Mr. Austin. Government's evidence begins. [Court Reporter: D. Churas] (jab) (Entered: 05/18/1999) |
| 05/17/1999 | | ENDORSED ORDER as to Chad E. Austin denying [18-1] motion to Suppress as to Chad E. Austin (1) ( Entered by Judge Steven J. McAuliffe ) (jab) (Entered: 05/18/1999) |
| 05/17/1999 | | ENDORSED ORDER as to Chad E. Austin denying [21-1] motion to Suppress Letter as to Chad E. Austin (1) ( Entered by Judge Steven J. McAuliffe ) (jab) (Entered: 05/18/1999) |
| 05/17/1999 | | ENDORSED ORDER as to Chad E. Austin granting [42-1] motion To Subpoena Witness as to Chad E. Austin (1) ( Entered by Judge Steven J. McAuliffe ) (amm) (Entered: 05/18/1999) |
| 05/18/1999 | | ENDORSED ORDER as to Chad E. Austin denying [37-1] motion in Limine on Admissions as to Chad E. Austin (1) ( Entered by Judge Steven J. McAuliffe ) (amm) (Entered: 05/18/1999) |
| 05/18/1999 | | ENDORSED ORDER as to Chad E. Austin denying [35-1] motion in Limine on Admissions as to Chad E. Austin (1) ( Entered by Judge Steven J. McAuliffe ) (amm) (Entered: 05/19/1999) |
| 05/18/1999 | | Jury trial, Day 3, as to Chad E. Austin held; Hearing re: missing photo; Govt to search again; Deft's oral motion to strike testimony of Ms. Lafond; Court denies motion to strike testimony; Court denies deft's motion in limine re: admissions and supplemental motion (doc#'s 35 & 37); Govt's evidence continues; Govt rests subject to review of exhibits; Deft's oral motion for judgment on acquittal of all counts in accordance with rule 29; Court denies motion. Court Reporters: D. Churas/AM; S. Kulacz/PM (amm) (Entered: 05/19/1999) |
| 05/18/1999 | | MOTION in open court by Chad E. Austin to Strike testimony of Ms. LaFond (amm) (Entered: 05/19/1999) |
| 05/18/1999 | | ORAL ORDER as to Chad E. Austin denying [0-0] oral motion to Strike testimony of Ms. LaFond as to Chad E. Austin (1) ( Entered by Judge Steven J. McAuliffe ) (amm) (Entered: 05/19/1999) |
| 05/18/1999 | | MOTION in open court by Chad E. Austin for Judgment of Acquittal on all counts pursuant to Rule 29 (amm) (Entered: 05/19/1999) |
| 05/18/1999 | | ORAL ORDER as to Chad E. Austin denying oral motion for Judgment of Acquittal on all counts pursuant to Rule 29 as to Chad E. Austin (1) ( Entered by Judge Steven J. McAuliffe ) (amm) (Entered: 05/19/1999) |

| 05/19/1999 | 44 | MOTION by Chad E. Austin to subpoena additional witnesses (amm) (Entered: 05/19/1999) |
|---|---|---|
| 05/19/1999 | | IN CAMERA MOTION HEARING re: [44-1] motion to subpoena additional witnesses before Judge Steven J. McAuliffe Court Reporter/Tape #: D. Churas (amm) (Entered: 05/19/1999) |
| 05/19/1999 | | ORAL ORDER as to Chad E. Austin granting in part, denying in part [44-1] motion to subpoena additional witnesses as to Chad E. Austin (1) ( Entered by Judge Steven J. McAuliffe ) (Entered: 05/19/1999) |
| 05/19/1999 | | ENDORSED ORDER as to Chad E. Austin (follows oral order granting in part, denying in part [44-1] motion to subpoena additional witnesses as to Chad E. Austin (1) entered 5/19/99 ) ( Entered by Judge Steven J. McAuliffe ) (amm) (Entered: 05/19/1999) |
| 05/19/1999 | | Jury trial, Day 4, as to Chad E. Austin held; Stipulation read into the record; Deft's evidence commences; In camera hearings held; Charging conference scheduled for 5/20 at 10:00 a.m. (amm) (Entered: 05/19/1999) |
| 05/19/1999 | | IN CAMERA MOTION HEARING re: [44-1] motion to subpoena additional witnesses held and Deft's oral motion for subpoenas before Judge Steven J. McAuliffe Court Reporter/Tape #: D. Churas (amm) (Entered: 05/19/1999) |
| 05/19/1999 | 47 | Jury Instructions as to Chad E. Austin (amm) (Entered: 05/21/1999) |
| 05/20/1999 | 45 | Proposed Jury Instructions by Chad E. Austin (amm) (Entered: 05/20/1999) |
| 05/20/1999 | 46 | MOTION by Chad E. Austin on unavailable evidence (amm) (Entered: 05/20/1999) |
| 05/20/1999 | | Re Chad Austin: CHARGING CONFERENCE held before Judge Steven J. McAuliffe in Ctrm #1. Court Reporter/Tape #: D. Churas (amm) (Entered: 05/20/1999) |
| 05/20/1999 | | ORAL ORDER as to Chad E. Austin denying [46-1] motion on unavailable evidence as to Chad E. Austin (1) ( Entered by Judge Steven J. McAuliffe ) (amm) (Entered: 05/20/1999) |
| 05/20/1999 | | Count Redaction Chad E. Austin (1): Former count 3 is now count 3r. (amm) (Entered: 05/20/1999) |
| 05/21/1999 | | Jury trial, Day 5, as to Chad E. Austin held; Deft's evidence continues; Deft rests. Deft's oral motion for directed verdict on all counts. Court denies motion. Closing arguments and charge. Jury deliberations. Jury verdict. Court Reporter: D. Churas (amm) (Entered: 05/24/1999) |
| 05/21/1999 | | MOTION in open court by Chad E. Austin for directed verdict on all counts (amm) (Entered: 05/24/1999) |
| 05/21/1999 | | ORAL ORDER as to Chad E. Austin denying oral motion for directed verdict on all counts as to Chad E. Austin (1) ( Entered by Judge Steven J. McAuliffe ) (amm) (Entered: 05/24/1999) |
| 05/21/1999 | 48 | JURY VERDICT of, Guilty: Chad E. Austin (1) count(s) 1, 2, 3r, 4, 5 (amm) (Entered: 05/24/1999) |
| 05/24/1999 | | Re Chad Austin: RETURN OF EXHIBIT(S) [43-1] to Bjorn R. Lange for Chad E. Austin . (amm) (Entered: 05/24/1999) |
| 05/24/1999 | | Re Chad Austin: RETURN OF EXHIBIT(S) [39-1] to Donald A. Feith for Chad E. Austin . (amm) (Entered: 05/24/1999) |

| 05/24/1999 | | RE Chad Austin: SENTENCING set for 10:00 8/25/99 for Chad E. Austin (1) count(s) 1, 2, 4, 5, 3r before Judge Steven J. McAuliffe in Warren Rudman Courthouse. (amm) (Entered: 05/24/1999) |
|---|---|---|
| 08/11/1999 | 49 | ASSENTED TO MOTION by Chad E. Austin to Continue Sentencing to 10/18/99 (amm) (Entered: 08/12/1999) |
| 08/17/1999 | 50 | PETITION by USA for Writ of Habeas Corpus ad prosequendum as to Chad E. Austin (jab) (Entered: 08/17/1999) |
| 08/17/1999 | | WRIT of Habeas Corpus ad Prosequendum issued as to Chad E. Austin for 8/25/99 (jab) (Entered: 08/17/1999) |
| 08/23/1999 | | ENDORSED ORDER as to Chad E. Austin granting [49-1] motion to Continue Sentencing to 10/18/99 as to Chad E. Austin (1), reset Sentencing for 9:30 11/1/99 for Chad E. Austin ( Entered by Judge Steven J. McAuliffe ) (amm) (Entered: 08/23/1999) |
| 10/14/1999 | 51 | PETITION by USA for Writ of Habeas Corpus ad prosequendum as to Chad E. Austin (amm) (Entered: 10/17/1999) |
| 10/17/1999 | | WRIT of Habeas Corpus ad Prosequendum issued as to Chad E. Austin for 11/1/99 (amm) (Entered: 10/17/1999) |
| 10/20/1999 | | RE Chad Austin: SENTENCING reset for 9:30 11/12/99 for Chad E. Austin (1) count(s) 1, 2, 4, 5, 3r before Judge Steven J. McAuliffe in Warren Rudman Courthouse. (amm) (Entered: 10/20/1999) |
| 10/27/1999 | 52 | PETITION by USA for Writ of Habeas Corpus ad prosequendum as to Chad E. Austin (amm) (Entered: 10/27/1999) |
| 10/27/1999 | | WRIT of Habeas Corpus ad Prosequendum issued as to Chad E. Austin for 11/12/99 (amm) (Entered: 10/27/1999) |
| 11/09/1999 | 53 | SENTENCING MEMORANDUM by USA as to Chad E. Austin (amm) (Entered: 11/10/1999) |
| 11/10/1999 | 54 | SENTENCING MEMORANDUM by Chad E. Austin (amm) (Entered: 11/10/1999) |
| 11/12/1999 | | RE Chad E. Austin: SENTENCING held Chad E. Austin (1) count(s) 1, 2, 3r, 4, 5 before Judge Steven J. McAuliffe in ctrm 5. Court Reporter/Tape #: D. Churas (amm) (Entered: 11/12/1999) |
| 11/12/1999 | 55 | JUDGMENT Chad E. Austin (1) count(s) 1 , 2 , 3r , 4 , 5 . Deft is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a total term of 175 months. On Count 1, 115 months of which shall be served concurrently with & 60 months of which shall be served consecutively with the Massachusetts State sentence now being served. It is further ordered that defendant is committed to the Bureau of Prisons to be imprisoned for a term of 120 months on each of Counts 3, 4 & 5, such terms to be served concurrently with each other and with the sentence on Count 1, and effective this date, concurrently with the Massachusetts state sentence now being served. It is further ordered that the defendant is hereby committed to the Bureau of Prisons to be imprisoned |
| | | for a term of 60 months on Count 2, said sentence to be served consecutively to the instant federal sentence on Counts 1, 3, 4 & 5 and consecutively with the Massachusetts State sentence now being served; Supervised Release for 5 years on Count 1 and terms of 3 years on each of counts 3,4 & 5, all such terms to run concurrently w/standard conditions; Special Conditions, to provided any financial info, shall not incur new credit charges, shall participate in drug/alcohol treatment program, abstain from alcohol, shall participate in mental health treatment program, shall submit to searches, shall not possess or have under his control any dangerous weapons; Special Penalty Assessment $500; |

| | | Restitution $2,000 to Amica Mutual Insurance Co, $500 due immediately, balance 30 days after date of judgment in installments; Remanded to US Marshall. ( Signed by Judge Steven J. McAuliffe ) (amm) (Entered: 11/12/1999) |
|---|---|---|
| 11/12/1999 | | Termination of party Chad E. Austin pending deadlines and pending motions as to Chad E. Austin (amm) (Entered: 11/12/1999) |
| 11/12/1999 | | **Case closed as to Chad E. Austin (all defendants). (amm) (Entered: 11/12/1999) |
| 11/15/1999 | 56 | NOTICE OF APPEAL by Chad E. Austin . Fee Status: not paid Appeal Record Transmittal Due 11/22/99 ; File-stamped copy to parties/CCA with Appeal Information Sheet; copy of docket sheet to CCA. (amm) (Entered: 11/15/1999) |
| 11/15/1999 | | Appeal record sent to CCA with Clerk's certificate on [56-1] appeal by Chad E. Austin -- transmitting documents: 1-56 (amm) (Entered: 11/15/1999) |
| 11/18/1999 | | Supplemental clerk's certificate to CCA on [56-1] appeal by Chad E. Austin -- transmitting documents: PSR (amm) (Entered: 11/18/1999) |
| 11/22/1999 | 57 | NOTICE OF APPEAL and Motion for New Counsel by Chad E. Austin . Fee Status: not paid ; File-stamped copy to parties/CCA with Appeal Information Sheet; copy of docket sheet to CCA. (amm) (Entered: 11/23/1999) |
| 11/24/1999 | | Supplemental clerk's certificate to CCA on [56-1] appeal by Chad E. Austin -- transmitting documents: 57 Notice of Appeal/Motion for Counsel (amm) (Entered: 11/24/1999) |
| 12/15/1999 | | NOTICE of Docketing ROA from USCA Re: [57-1] appeal by Chad E. Austin USCA NUMBER: 99-2302 (amm) (Entered: 12/15/1999) |
| 12/21/1999 | 58 | TRANSCRIPT as to Chad E. Austin for Jury Trial, Day 3 held on 5/18/99, afternoon session; Court Reporter: S. Kulacz (amm) (Entered: 12/21/1999) |
| 12/21/1999 | | Supplemental clerk's certificate to CCA on [57-1] appeal by Chad E. Austin -- transmitting documents: 58, Transcript (amm) (Entered: 12/21/1999) |
| 01/25/2000 | 59 | TRANSCRIPT as to Chad E. Austin for motion hrg held on 5/4/99; Court Reporter: D. Churas (amm) (Entered: 01/25/2000) |
| 01/25/2000 | 60 | TRANSCRIPT as to Chad E. Austin for motion hrearing held on 5/12/99; Court Reporter: D. Churas (amm) (Entered: 01/25/2000) |
| 01/25/2000 | 61 | TRANSCRIPT as to Chad E. Austin for sealed hearing held on 5/12/99; Court Reporter: D. Churas (amm) (Entered: 01/25/2000) |
| 01/25/2000 | 62 | TRANSCRIPT as to Chad E. Austin for jury trial, day 2 held on 5/17/99; Court Reporter: D. Churas (amm) (Entered: 01/25/2000) |
| 01/25/2000 | 63 | TRANSCRIPT as to Chad E. Austin for jury trial, day 3 held on 5/18/99; Court Reporter: D. Churas (amm) (Entered: 01/25/2000) |
| 01/25/2000 | 64 | TRANSCRIPT as to Chad E. Austin for sealed hrg held on 5/19/99; Court Reporter: D. Churas (amm) (Entered: 01/25/2000) |
| 01/25/2000 | 65 | TRANSCRIPT as to Chad E. Austin for jury trial day 4 held on 5/19/99; Court Reporter: D. Churas (amm) (Entered: 01/25/2000) |
| 01/25/2000 | 66 | TRANSCRIPT as to Chad E. Austin for charging conference held on 5/20/99; Court Reporter: D. Churas (amm) (Entered: 01/25/2000) |
| 01/25/2000 | 67 | TRANSCRIPT as to Chad E. Austin for jury trial, day 5 held on 5/21/99; Court Reporter: D. Churas (amm) (Entered: 01/25/2000) |

| 01/25/2000 | 68 | TRANSCRIPT as to Chad E. Austin for sentencing held on 11/12/99; Court Reporter: D. Churas (amm) (Entered: 01/25/2000) |
|---|---|---|
| 01/25/2000 | | Supplemental clerk's certificate to CCA on [57-1] appeal by Chad E. Austin, [56-1] appeal by Chad E. Austin -- transmitting documents: 59 - 68 Transcripts (amm) (Entered: 01/25/2000) |
| 01/09/2001 | 69 | OPINION of CCA Re: [57-1] appeal; Affirmed in part, vacated in part, and Remanded for resentencing. (amm) (Entered: 01/09/2001) |
| 02/02/2001 | 70 | MANDATE OF CCA (certified copy) as to Chad E. Austin Re: [57-1] appeal, [56-1] appeal, affirmed in part, vacated in part, and remanded for resentencing (amm) (Entered: 02/02/2001) |
| 02/15/2001 | | Record on appeal returned from U.S. Court of Appeals: [57-1] appeal by Chad E. Austin, [56-1] appeal by Chad E. Austin (amm) (Entered: 02/15/2001) |
| 02/23/2001 | | RE Chad Austin: SENTENCING set for 11:00 4/2/01 for Chad E. Austin Chad E. Austin (1) count(s) 1, 2, 4, 5, 3r before Judge Steven J. McAuliffe in Ctrm 5. (amm) (Entered: 02/23/2001) |
| 02/23/2001 | 71 | ORDER as to Chad E. Austin re Disposition of Sealed Document(s) [64-1], [61-1] . Unless alternative response is received, document(s) will be unsealed & docketed & filed. Set sealed document deadline for 3/15/01 for Chad E. Austin, for USA . ( Signed by Judge Steven J. McAuliffe ) (amm) (Entered: 02/23/2001) |
| 03/01/2001 | 72 | FINANCIAL AFFIDAVIT by Chad E. Austin (amm) (Entered: 03/01/2001) |
| 03/02/2001 | | ENDORSED ORDER as to Chad E. Austin granting [72-1] financial affidavit as to Chad E. Austin (1) effective 2/24/01( Entered by Magistrate Judge James R. Muirhead ) (amm) (Entered: 03/02/2001) |
| 03/02/2001 | 73 | CJA 20 for Chad E. Austin effective 2/24/01 . Appointment of David H. Bownes as court-appointed counsel for resentencing . Review case for submission of final voucher by 8/29/01 for David H. Bownes .(Signed by James R. Starr,Clerk) (amm) (Entered: 03/02/2001) |
| 03/23/2001 | | ACTION BY CLERK OF COURT: as to Chad E. Austin Document #61,64 are filed and unsealed [71-1] order has been filed there being no objection. (amm) (Entered: 03/23/2001) |
| 03/23/2001 | 74 | PETITION by USA for Writ of Habeas Corpus ad prosequendum as to Chad E. Austin (amm) (Entered: 03/23/2001) |
| 03/23/2001 | | WRIT of Habeas Corpus ad Prosequendum issued as to Chad E. Austin for 4/2/01 (amm) (Entered: 03/23/2001) |
| 03/30/2001 | 75 | BRIEF MEMORANDUM by Chad E. Austin for clarification relating to sentencing issues. (amm) (Entered: 03/30/2001) |
| 04/02/2001 | | RE Chad E. Austin: RE-SENTENCING held Chad E. Austin (1) count(s) 1, 2, 3r, 4, 5 before Judge Steven J. McAuliffe in ctrm 2. Court Reporter/Tape #: S. Kulacz (amm) (Entered: 04/02/2001) |
| 04/02/2001 | 76 | AMENDED JUDGMENT: Chad E. Austin (1) count(s) 1, 2 , 3r , 4 , 5. Deft is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a total term of 225 months. On Count 1, 102 months of which shall be served concurrently with & 60 months of which shall be served consecutively the Massachusetts State sentence now being served. It is further ordered that defendant is committed to the Bureau Prisons to be imprisoned for a term of 120 months on each Counts 3, 4 & 5, such terms to be served |

| | | |
|---|---|---|
| | | concurrently with each other and with the sentence on Count 1, and effective this date, concurrently with the Massachusetts state sentence now being served. It is further ordered that the defendant is hereby committed to the Bureau of Prisons to imprisoned for a term of 60 months on Count 2, said to be served consecutively to the instant federal sentence on Counts 1, 3, 4 & 5 and consecutively with the Massachusetts State sentence now being served; Supervised Release for 5 years on Count 1 and terms of 3 years on each of counts 3,4 & 5, all such terms to run concurrently w/standard conditions; Special Conditions, to provided any financial info, shall not incur new credit charges, shall participate in drug/alcohol treatment program, abstain from alcohol, shall participate in mental health treatment program, shall submit to searches, shall not possess or under his control any dangerous weapons; Special Penalty Assessment $500; Restitution $2,000 to Amica Mutual Insurance Co. balance due 30 days after date of judgment in installments; Remanded to US Marshall. ( Signed by Judge Steven J. McAuliffe ) (amm) (Entered: 04/02/2001) |
| 04/05/2001 | 77 | AMENDED JUDGMENT: Chad E. Austin (1) count(s) 1, 2, 3r, 4, 5 . Deft is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a total term of 222 months. On Count 1, 115 months of which shall be served concurrently with & 60 months of which shall be served consecutively with the Massachusetts State sentence now being served. It is further ordered that defendant is committed to the Bureau of Prisons to be imprisoned for a term of 120 months on each of Counts 3, 4 & 5, such terms to be served concurrently with each other and with the sentence on Count 1, and effective this date, concurrently with the Massachusetts state sentence now being served. It is further ordered that the defendant is hereby committed to the Bureau of Prisons to be imprisoned for a term of 60 months on Count 2, said sentence to be served consecutively to the instant federal sentence on Counts 1, 3, 4 & 5 and consecutively with the Massachusetts State sentence now being served; Supervised Release for 5 years on Count 1 and terms of 3 years on each of counts 3,4 & 5, all such terms to run concurrently w/standard conditions; Special Conditions, to provided any financial info, shall not incur new credit charges, shall participate in drug/alcohol treatment program, abstain from alcohol, shall participate in mental health treatment program, shall submit to searches, shall not possess or have under his control any dangerous weapons; Special Penalty Assessment $500; Restitution $2,000 to Amica Mutual Insurance Co, $500 due immediately, balance 30 days after date of judgment in installments; Remanded to US Marshall. ( Signed by Judge Steven J. McAuliffe ) (amm) (Entered: 04/05/2001) |
| 05/09/2001 | 78 | FINAL CJA 20 Authorization to pay David H. Bownes for defendant Chad E. Austin; Amount: $704.10 re: [73-1] cja appointment ( Signed by Judge Steven J. McAuliffe ) (jeb) (Entered: 05/10/2001) |
| 11/13/2001 | 79 | MOTION by Chad E. Austin for copies of in-camera transcript and audio tape (amm) (Entered: 11/14/2001) |
| 11/19/2001 | | ENDORSED ORDER as to Chad E. Austin granting [79-1] motion for copies of in-camera transcript and audio tape as to Chad E. Austin (1) ( Entered by Judge Steven J. McAuliffe ) (amm) (Entered: 11/19/2001) |
| 01/02/2002 | 80 | MOTION by Chad E. Austin to Vacate under 28 U.S.C. 2255 (See Civil Case # C.02-1-M). (jeb) (Entered: 01/02/2002) |
| 05/01/2002 | 84 | MOTION by Chad E. Austin for Correction of Remanded Amended Judgment "Clerical Mistakes" clerk's office forwarded copy of pleading to USA 5/2/03; Objections to Motion due by 5/19/03 for USA (jab) (Entered: 05/02/2003) |
| 03/12/2003 | 81 | MOTION by Chad E. Austin For Correction of Sentence and Writ of Habeas Corpus to be Brought before this Court for Correction of Sentence served, in hand (by clerk's office) on 3/12/03; Objections to Motion due by 3/26/03 for USA (jab) (Entered: |

| | | |
|---|---|---|
| | | 03/12/2003) |
| 03/17/2003 | 82 | OBJECTION by USA as to Chad E. Austin re: [81-1] motion For Correction of Sentence and Writ of Habeas Corpus to be Brought before this Court for Correction of Sentence (jab) (Entered: 03/17/2003) |
| 03/26/2003 | 83 | RESPONSE to [82-1] motion objection by Chad E. Austin . (jab) (Entered: 03/26/2003) |
| 04/18/2003 | | ENDORSED ORDER as to Chad E. Austin denying [81-1] motion For Correction of Sentence and Writ of Habeas Corpus to be Brought before this Court for Correction of Sentence as to Chad E. Austin (1) ( Entered by Judge Steven J. McAuliffe ) (jab) (Entered: 04/21/2003) |
| 04/22/2003 | | ENDORSED ORDER as to Chad E. Austin denying [83-1] response/motion to clear up facts as to Chad E. Austin (1) ( Entered by Judge Steven J. McAuliffe ) (jab) (Entered: 04/22/2003) |
| 05/23/2003 | | ENDORSED ORDER as to Chad E. Austin denying [84-1] motion for Correction of Remanded Amended Judgment "Clerical Mistakes" as to Chad E. Austin (1). Motion denied. See doc. no. 77, Amended Judgment dated 4/5/01. ( Entered by Judge Steven J. McAuliffe ) (jab) (Entered: 05/23/2003) |
| 01/06/2004 | 🌐 | File located at National Archives and Records Administration (NARA), Waltham, MA. Transfer No. 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, Location No. C13582, Box No. 5 (jeb, ) (Entered: 01/06/2004) |
| 03/11/2013 | 🌐 85 | MOTION To Correct Illegal Sentence by Chad E. Austin. Served on 3/8/2013. Follow up on Objection on 3/28/2013. (Attachments: # 1 Memorandum of Law, # 2 Appendix - List of Exhibits, # 3 Exhibit 1 - Excerpts from Sentencing Transcript, pgs. 46-53, # 4 Exhibit 2 - Defendant's Memorandum and Order re: Motion to Correct Illegal Sentences in MA State Court, # 5 Exhibit 3 - Commonwealth of MA - Essex Superior Court - Case Summary (see pg. 7 - verification of defendant's present sentence.) (jab) (Entered: 03/11/2013) |
| 03/13/2013 | 🌐 86 | ADDENDUM/Cover Letter re: 85 MOTION To Correct Illegal Sentence re 77 Amended Judgment by Chad E. Austin. (jab) (Entered: 03/13/2013) |
| 04/03/2013 | 🌐 87 | OBJECTION by USA as to Chad E. Austin re 85 MOTION To Correct Illegal Sentence re 77 Amended Judgment,,,,,, . (Feith, Donald) (Entered: 04/03/2013) |
| 04/04/2013 | 🌐 | **ENDORSED ORDER denying 85 MOTION To Correct Illegal Sentence re 77 Amended Judgment as to Chad E. Austin (1). *Text of Order: Denied.* So Ordered by Judge Steven J. McAuliffe.** (jab) (Entered: 04/04/2013) |
| 04/15/2013 | 🌐 88 | NOTICE OF APPEAL by Chad E. Austin re Order on Motion MOTION To Correct Illegal Sentence - Filing fee not paid. File-stamped copy to be sent to parties/USCA by Clerks Office. <br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel and pro se parties should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/efiling.htm** (jab) (Entered: 04/15/2013) |
| 04/18/2013 | 🌐 89 | Appeal Cover Sheet as to Chad E. Austin re 88 Notice of Appeal. (jab) (Entered: 04/18/2013) |
| 04/18/2013 | 🌐 90 | Clerk's Certificate transmitting Record on Appeal to US Court of Appeals, documents numbered 85, 86, 87, Endorsed Order on Doc. No. 85, 88 and 89, as to Chad E. Austin to USCA re 88 Notice of Appeal. Presentence Investigation Report is attached in a sealed |

| | | envelope. A copy of the Notice of Appeal mailed to all parties this date. (jab) (Entered: 04/18/2013) |
|---|---|---|
| 04/18/2013 | 🌐 | Appellate Case Number: 13-1485 CCA for 88 Notice of Appeal filed by Chad E. Austin. (jab) (Entered: 04/18/2013) |

EXHIBIT

D



1998 Federal Sentencing Guideline Manual
Chapter Five - Determining the Sentence
Part G Implementing the TOTAL Sentence
Of Imprisonment

**§5G1.3.** **Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment**

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

(c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

*Commentary*

*Application Notes:*

*1. Consecutive sentence - subsection (a) cases. Under subsection (a), the court shall impose a consecutive sentence when the instant offense was committed while the defendant was serving an undischarged term of imprisonment or after sentencing for, but before commencing service of, such term of imprisonment.*

*2. Adjusted concurrent sentence - subsection (b) cases. When a sentence is imposed pursuant to subsection (b), the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if the court determines that period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons. Example: The defendant is convicted of a federal offense charging the sale of 30 grams of cocaine. Under §1B1.3 (Relevant Conduct), the defendant is held accountable for the sale of an additional 15 grams of cocaine, an offense for which the defendant has been convicted and sentenced in state court. The defendant received a nine-month sentence of imprisonment for the state offense and has served six months on that sentence at the time of sentencing on the instant federal offense. The guideline range applicable to the defendant is 10-16 months (Chapter Two offense level of 14 for sale of 45 grams of cocaine; 2-level reduction for acceptance of responsibility; final offense level of 12; Criminal History Category I). The court determines that a sentence of 13 months provides the appropriate total punishment. Because the defendant has already served six months on the related state charge as of the*

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

02205049

*date of sentencing on the instant federal offense, a sentence of seven months, imposed to run concurrently with the three months remaining on the defendant's state sentence, achieves this result. For clarity, the court should note on the Judgment in a Criminal Case Order that the sentence imposed is not a departure from the guideline range because the defendant has been credited for guideline purposes under §5G1.3(b) with six months served in state custody that will not be credited to the federal sentence under 18 U.S.C. § 3585(b).*

*3. Concurrent or consecutive sentence - subsection (c) cases. In circumstances not covered undersubsection (a) or (b), subsection (c) applies. Under this subsection, the court may impose a sentence concurrently, partially concurrently, or consecutively. To achieve a reasonable punishment and avoid unwarranted disparity, the court should consider the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a)) and be cognizant of:*

*(a) the type (<u>e.g.,</u> determinate, indeterminate/parolable) and length of the prior undischarged sentence;*

*(b) the time served on the undischarged sentence and the time likely to be served before release;*

*(c) the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and*

*(d) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.*

*4. Partially concurrent sentence. In some cases under subsection (c), a partially concurrent sentence may achieve most appropriately the desired result. To impose a partially concurrent sentence, the court may provide in the Judgment in a Criminal Case Order that the sentence for the instant offense shall commence (A) when the defendant is released from the prior undischarged sentence, or (B) on a specified date, whichever is earlier. This order provides for a fully consecutive sentence if the defendant is released on the undischarged term of imprisonment on or before the date specified in the order, and a partially concurrent sentence if the defendant is not released on the undischarged term of imprisonment by that date.*

*5. Complex situations. Occasionally, the court may be faced with a complex case in which a defendant may be subject to multiple undischarged terms of imprisonment that seemingly call for the application of different rules. In such a case, the court may exercise its discretion in accordance with subsection (c) to fashion a sentence of appropriate length and structure it to run in any appropriate manner to achieve a reasonable punishment for the instant offense.*

Historical Sentencing Guidelines Manuals

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

02203049



```
BERHN  540*23 *          SENTENCE MONITORING        *    03-20-2020
PAGE 001         *          COMPUTATION DATA          *    14:49:34
                            AS OF 03-20-2020
```

REGNO..: 02205-049 NAME: AUSTIN, CHAD E


FBI NO..........: 570634PA5          DATE OF BIRTH: 06-14-1973  AGE:  46
ARS1............: BER/A-DES
UNIT............: B UNIT              QUARTERS.....: B02-201U
DETAINERS.......: NO                 NOTIFICATIONS: NO

HOME DETENTION ELIGIBILITY DATE: 09-07-2024

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  03-07-2025 VIA GCT REL


---------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: NEW HAMPSHIRE
DOCKET NUMBER...................: 1:98CR00131-001
JUDGE...........................: MCAULIFFE
DATE SENTENCED/PROBATION IMPOSED: 11-12-1999
DATE COMMITTED..................: 12-19-2016
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

              FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $500.00       $00.00         $00.00       $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $2,000.00

---------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....:  551     18:2113 ROBBERY BANK
OFF/CHG: 18:2113(A)(D):BANK ROBBERY

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   115 MONTHS
 TERM OF SUPERVISION............:     5 YEARS
 NEW SENTENCE IMPOSED...........:   102 MONTHS
 BASIS FOR CHANGE...............: COURT ORDER MODIFYING SENTENCE
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: 60MOS CS STATE
 DATE OF OFFENSE................: 02-11-1998




G0002       MORE PAGES TO FOLLOW . . .
```

```
  BERHN  540*23 *          SENTENCE MONITORING          *     03-20-2020
PAGE 002          *          COMPUTATION DATA          *     14:49:34
                             AS OF 03-20-2020
```

REGNO..: 02205-049 NAME: AUSTIN, CHAD E


```
------------------------CURRENT OBLIGATION NO: 020 ------------------------
OFFENSE CODE....: 130     18:924(C) FIREARMS LAWS          FSA INELIGIBLE
OFF/CHG: 18:924(C):USE OF A FIREARM IN A CRIME OF VIOLENCE

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    60 MONTHS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CS TO ALL
 DATE OF OFFENSE................: 02-11-1998

------------------------CURRENT OBLIGATION NO: 030 ------------------------
OFFENSE CODE....: 136     18:922(G) FIREARMS,GUN CNTL
OFF/CHG: 18:922(G)(1):POSSESSION OF A FIREARM BY A PROHIBITED PERSON
         18:2314:INTERSTATE TRANSPORTATION OF STOLEN PROPERTY 18:2312:
         INTERSTATE TRANSPORTATION OF A STOLEN MOTOR VEHICLE (CTS3,4,5)

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   120 MONTHS
 TERM OF SUPERVISION............:     3 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CC TO ALL
 DATE OF OFFENSE................: 02-11-1998

------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 03-10-2020 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 10-03-2017 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 010 020, 010 030
```


```
  G0002        MORE PAGES TO FOLLOW . . .
```

```
   BERHN  540*23 *           SENTENCE MONITORING         *     03-20-2020
PAGE 003 OF 003 *            COMPUTATION DATA            *     14:49:34
                              AS OF 03-20-2020
```

REGNO..: 02205-049 NAME: AUSTIN, CHAD E


```
DATE COMPUTATION BEGAN..........: 06-02-2009
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:    222 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    18 YEARS        6 MONTHS
AGGREGATED TERM OF SUPERVISION..:     5 YEARS
EARLIEST DATE OF OFFENSE........: 02-11-1998


TOTAL PRIOR CREDIT TIME.........: 0
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 999
TOTAL GCT EARNED................: 540
STATUTORY RELEASE DATE PROJECTED: 03-07-2025
EXPIRATION FULL TERM DATE.......: 12-01-2027
TIME SERVED.....................:    10 YEARS        9 MONTHS      19 DAYS
PERCENTAGE OF FULL TERM SERVED..:  58.3


PROJECTED SATISFACTION DATE.....: 03-07-2025
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: 01-26-17:COMP ENTERED, REL FROM STATE ON 10-28-16 & 120MOS
                CONSECUTIVE TO THE STATE REFER TO PSIN'S. JDB/D
                COURTS INTENT IS 120M(10Y) CS TO STATE, SEE OTH-2 IN FILE.
                3-10-20: FSA/GCT UPD D/JNW
```


```
   G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

```
  BERHN  542*22 *              SENTENCE MONITORING         *       03-20-2020
PAGE 001 OF 001 *               GOOD TIME DATA            *       14:49:47
                              AS OF  03-20-2020

REGNO...: 02205-049   NAME: AUSTIN, CHAD E
ARS 1...: BER A-DES                                     PLRA
COMPUTATION NUMBER..: 010                          PRT   ACT DT:
LAST UPDATED:  DATE.: 03-10-2020          FACL..: DSC    CALC: AUTOMATIC
UNIT................: B UNIT              QUARTERS...........: B02-201U
DATE COMP BEGINS....: 06-02-2009         COMP STATUS........: COMPLETE
TOTAL JAIL CREDIT...: 0                   TOTAL INOP TIME.....: 0
CURRENT REL DT......: 06-09-2026 TUE     EXPIRES FULL TERM DT: 12-01-2027
PROJ SATISFACT DT...: 03-07-2025 FRI     PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                     ACTUAL SATISF METHOD:
DAYS REMAINING......:                     FINAL PUBLC LAW DAYS:
GED PART STATUS.....:                     DEPORT ORDER DATED..:


      ------------------------GOOD CONDUCT TIME AMOUNTS------------------------

       START        STOP      MAX POSSIBLE TO      ACTUAL TOTALS   VESTED    VESTED
       DATE         DATE      DIS   FFT        DIS   FFT          AMOUNT    DATE
     06-02-2009  06-01-2010    54    54
     06-02-2010  06-01-2011    54   108
     06-02-2011  06-01-2012    54   162
     06-02-2012  06-01-2013    54   216
     06-02-2013  06-01-2014    54   270
     06-02-2014  06-01-2015    54   324
     06-02-2015  06-01-2016    54   378
     06-02-2016  06-01-2017    54   432
     06-02-2017  06-01-2018    54   486
     06-02-2018  06-01-2019    54   540
     06-02-2019  06-01-2020    54
     06-02-2020  06-01-2021    54
     06-02-2021  06-01-2022    54
     06-02-2022  06-01-2023    54
     06-02-2023  06-01-2024    54
     06-02-2024  06-01-2025    54
     06-02-2025  06-01-2026    54
     06-02-2026  06-01-2027    54
     06-02-2027  12-01-2027    27


      TOTAL EARNED AMOUNT.........................................:     540
      TOTAL EARNED AND PROJECTED AMOUNT...........................:     999
```

```
  G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```



BP-A0148
JUNE 10

**INMATE REQUEST TO STAFF** CDFRM

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) R&D STAFF (In Re: Sentence Comp.) | DATE: 2/4/20 |
|---|---|
| FROM: CHAD E. AUSTIN | REGISTER NO.: 02205-049 |
| WORK ASSIGNMENT: UNASSIGNED | UNIT: B2 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request. Please advise how FBOP begins my Sentence Computation at 6/2/09
where the term of Federal confinement was imposed on 11/12/99. The
term of Federal confinement was imposed concurrently on 11/12/99 -- it
began that day and ran uninterrupted from that date. Thus, I have now
served over 20 years directly on the instant term of Federal
confinement. The Sentencing Court imposed this Federal term of
confinement concurrently pursuant 18 U.S.C. § 3584. Thus, I have now
completed all terms of confinement -- both Federally and in
Massachusetts -- and am entitled to immediate release. The current
sentence computation is in error. Please issue a new sentence
computation in accordance with the proper 1999 effective date as set
forth on the Judgment & Commitment. (See Attached)

--Thank you.

//s// Chad E. Austin

(Do not write below this line)

DISPOSITION: according to your sentence comp certified 10/2017 shows your comp
started 6-2-09 w/ your projected release date 7/14/25 w/ Full term
12/1/27.

| Signature Staff Member | Date |
|---|---|
| 7~~ | 3/10/20 |

Record Copy - File; Copy - Inmate

PDF                              Prescribed by P5511

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER        **SECTION 6**