```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Chad Austin

   v.                                        Civil No. 20-cv-506-SM

FCI Berlin Warden


### REPORT AND RECOMMENDATION

    Chad Austin, an inmate at the Federal Correctional Institution in Berlin, New Hampshire, has filed a petition for a writ of habeas corpus (Doc. No. 1) and an addendum (Doc. No. 5) to that petition, challenging the manner in which the Federal Bureau of Prisons has calculated his 222-month sentence imposed in United States v. Austin, No. 1:98-cr-00131-SM-1 (D.N.H.). The petition and its addendum, seeking relief under 28 U.S.C. § 2241, are before this court for preliminary review to determine whether the petition is facially valid and may proceed.  See 28 U.S.C. § 2243; LR 4.3(d)(4)(A); Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); see also § 2254 Rule 1(b) (§ 2254 Rules may be applied to § 2241 petitions).  Mr. Austin has also filed a motion to expedite ruling (Doc. No. 2), a motion for bail (Doc. No. 3), and a motion for an in camera hearing (Doc. No. 6).

## **Background**

This is the second § 2241 petition filed by Mr. Austin, raising the same issues, challenging the same sentence calculations. Mr. Austin's first such petition was filed in the District of Maryland when he was incarcerated there. The court in that case entered judgment as a matter of law in favor of the respondent warden; the Fourth Circuit affirmed that decision; and the Supreme Court denied Mr. Austin's petition for a writ of certiorari. See Austin v. Stewart, No. 8:17-cv-02581-PWG, 2018 U.S. Dist. LEXIS 78821, 2018 WL 2163683 (D. Md. May 10, 2018) ("Austin I"), aff'd, 741 F. App'x 944 (4th Cir. 2018), cert. denied, 140 S. Ct. 232 (2019).

The court in Austin I succinctly described the background and Mr. Austin's arguments in that case, as follows:

> Following a crime spree on February 11, 1998 that started in New Hampshire and ended in Massachusetts, Petitioner Chad Austin was indicted, convicted, and sentenced first in Massachusetts state court and then in federal court in New Hampshire of crimes arising out of his conduct that day. His federal sentence was, in part, concurrent to and, in part, consecutive to his state sentence. His state sentence was vacated in part on October 25, 2006, and he was resentenced on all counts in state court. In [petitioner's] view, in light of the state court order vacating his state court sentence, his consecutive federal sentences began to run [as] soon as his concurrent federal sentences concluded, such that he should be released immediately.

Austin I, 2018 U.S. Dist. LEXIS 78821, at *1, 2018 WL 2163683,

2

at *1.  The court in Austin I then noted that, according to Mr. Austin's first § 2241 petition, his 222-month federal sentence began to run on November 12, 1999, the date of his federal sentencing.  Id., 2018 U.S. Dist. LEXIS 78821, at *10, 2018 WL 2163683, at *4.

The court in Austin I was not persuaded by Mr. Austin's arguments.  That court found that Massachusetts had primary jurisdiction over Mr. Austin from the date of his arrest through October 28, 2016, the date Massachusetts authorities released him from his state sentence.  See id., 2018 U.S. Dist. LEXIS 78821, at *12-13, 2018 WL 2163683, at *4.  The court further noted that the Federal Bureau of Prisons ("BOP") gave Mr. Austin credit towards the 102-month portion of his federal sentence that was intended to be served concurrently with his state sentence, beginning on June 2, 2009, while he remained in state custody, by designating the state facility as the place he served that portion of his federal sentence.  See id., 2018 U.S. Dist. LEXIS 78821, at *8, 2018 WL 2163683, at *3.  When state authorities released Mr. Austin on October 28, 2016, the 120-month, consecutive portion of Mr. Austin's federal sentence began to run.  See id., 2018 U.S. Dist. LEXIS 78821, at *14, 2018 WL 2163683, at *4.  BOP's online inmate locator currently

3

projects Mr. Austin's release date as March 7, 2025.[1]

### Discussion

Pursuant to 28 U.S.C. § 2244(a),

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Under the successive petition doctrine and § 2244(a), which applies to habeas petitions challenging the BOP's calculation of a sentence, a claim that was raised in an earlier petition is generally barred. See Colon v. Sheahan, No. 13CIV6744PACJCF, 2016 U.S. Dist. LEXIS 5048, at *31, 2016 WL 3919643, at *10 (S.D.N.Y. Jan. 13, 2016), R&R adopted, No. 13CV6744PACJCF, 2016 U.S. Dist. LEXIS 91930, at * 20, 2016 WL 3926443, at *8 (S.D.N.Y. July 14, 2016) (citation omitted); see also Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) ("'§ 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence'" (quoting Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998)). Exceptions to that general rule arise where the petitioner makes

---

[1] See BOP Inmate Locator, https://www.bop.gov/inmateloc/.

a colorable showing of factual innocence, or shows cause and prejudice, see Schlup v. Delo, 513 U.S. 298, 318-19, 326-28 (1995) (regarding prior law).

Mr. Austin litigated the same claims asserted in the § 2241 petition here in Austin I, and he obtained a decision on the merits which he appealed unsuccessfully.  There are no arguments raised in the instant petition that were not litigated and decided on the merits in his first § 2241 petition.  This case does not present any claim of factual innocence or a cause-and-prejudice argument that could warrant further consideration of the merits of the same claims in this successive § 2241 petition.

Accordingly, Mr. Austin's § 2241 petition here is properly dismissed in its entirety as successive.  Because the entire petition (Doc. Nos. 1, 5) should be dismissed, the district judge should further deny Mr. Austin's motion to expedite ruling (Doc. No. 2), motion for bail (Doc. No. 3), and motion for an in camera hearing (Doc. No. 6).

## Conclusion

For the foregoing reasons, the district judge should: (1) DISMISS Mr. Austin's § 2241 petition; and (2) DENY Mr. Austin's motions to expedite ruling (Doc. No. 2), for bail (Doc. No. 3),

5

and for an in camera hearing (Doc. No. 6).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.  Failure to file specific written objections to this Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Andrea K. Johnstone
Andrea K. Johnstone
United States Magistrate Judge

July 22, 2020

cc:  Chad Austin, pro se